# WHITBECK *v.* MERCANTILE NATIONAL BANK OF CLEVELAND.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF OHIO.

No. 970.  Argued March 20, 1888. — Decided April 23, 1888.

The auditor of Cuyahoga County, Ohio, fixed the taxable value of shares in a national bank at 60 per cent of their true value in money, in accordance with the practice adopted for the valuation of other moneyed capital of individuals in the courts and State, and transmitted the same to the State Board of Equalization for incorporated banks. That board increased the valuation to 65 per cent, and this value, being certified back to the auditor, was placed by him on the tax list without a corresponding change being made in the valuation of other moneyed capital of individuals. *Held*, that this was such a discrimination as is forbidden by § 5219 of the Revised Statutes of the United States.

The statutes of Ohio regulating assessments for taxation allow an owner of moneyed capital other than shares in a national bank to have a deduction equal to his *bona fide* indebtedness made from the amount of the assessment of the value of such moneyed capital; but they make no provision for a similar deduction from the assessed value of shares in a national bank, and provide no means by which such a deduction may be obtained. *Held:*

  (1) That the owners of such shares are entitled to have a deduction of their indebtedness made from its assessed value as in the case of other moneyed capital; and

  (2) That the right to it is not lost by not making a demand for it until the entire process of the appraisement and equalization of the value of the shares for taxation is completed, and the tax duplicate is delivered to the treasurer for collection.

The laws of Ohio regulating the taxation of shares in national banks considered.

BILL IN EQUITY to restrain the treasurer of Cuyahoga County, Ohio, from collecting a tax upon shares of the stock of a national bank in Cleveland alleged to have been illegally assessed. Decree granting the relief prayed for except as to three stockholders. The treasurer appealed. The bank took no appeal as to the three shareholders. A certificate of division of opinion was filed. The case is stated in the opinion of the court.

*Mr. James Lawrence* and *Mr. Clarence Brown* for appellant. *Mr. David K. Watson*, Attorney General of Ohio, and *Mr. Frederick L. Geddes* were with them on the brief.

*Mr. W. W. Boynton* and *Mr. John C. Hale* for appellee.

MR. JUSTICE MILLER delivered the opinion of the court.

This is an appeal from the Circuit Court of the United States for the Northern District of Ohio.

The Mercantile National Bank of Cleveland, Ohio, brought this suit against Horatio N. Whitbeck, the appellant here, as treasurer of Cuyahoga County, in that State, in which the city of Cleveland is located, to restrain him from the collection of certain taxes levied upon the shares of the capital stock of that bank. The substantial allegations of the bill are that upon the assessment of the value of the shares of its capital stock for purposes of taxation they were estimated at sixty-five cents on the dollar of their real value in money, while all other personal property in the city of Cleveland and county of Cuyahoga, including the moneyed capital in the hands of individual citizens of said city and county, was estimated at only sixty cents upon the same basis.

This occurred in the following manner: The auditor of Cuyahoga County, in accordance with the rules and practice adopted for the valuation of other moneyed capital of individuals, fixed the taxable value of these bank shares at sixty per centum of their true value in money, and certified and transmitted the same to the annual State Board of Equalization for incorporated banks. This board made an order increasing the valuation to sixty-five per centum, which latter value was certified back to the auditor and by him placed upon the tax duplicate for the year 1885. This was delivered to the defendant, the treasurer of said county, for the collection of the taxes thereon.

Another point made by the bill was, that while the statutes of Ohio permit the tax-payer owning moneyed capital subject to taxation to make a deduction, from the amount assessed

against him on account of credits, of the amount of his *bona fide* indebtedness, no such provision is made in regard to the indebtedness of any holder of bank stock. The bill sets up as affected by this proposition the names of certain shareholders of the plaintiff bank, who claim that they should be allowed this deduction for their indebtedness upon the taxable value of their bank shares.

The case was tried before the Circuit and District Judges, sitting together, and a certificate of a division of opinion was made, accompanied by a statement of the facts on which the difference arose. A decree was entered in accordance with the opinion of the Circuit Judge, enjoining the collection of the amount represented by the difference between sixty and sixty-five per centum of the actual value of the stock, and granting the relief asked for by the shareholders who claimed a deduction on account of their indebtedness, except as to three of them.

As regards the allegation of a discrimination against the stockholders on account of the shares held by them, caused by the increase in the assessment of five per centum made by the State Board of Equalization, the matter is not altogether free from difficulty; but we are of opinion that there is such a discrimination as is forbidden by § 5219 of the Revised Statutes of the United States. It is certainly true that the tax upon personal property, including the moneyed capital of private citizens, in Cuyahoga County is made upon an estimate of sixty per centum of its cash value in all cases except with regard to bank stocks, and that in regard to these the valuation is fixed upon the same basis at sixty-five per centum. It is probably the fact, as alleged by the counsel for the treasurer, that the State Board having these stocks under consideration may have made a truer estimate and may have equalized their assessed value over the entire State; but this equalization from the very nature of the functions and powers of that body merely has reference to bank shares as among themselves; that is to say, its purpose is to make the capital stock of all incorporated banks in the State equal in valuation for the purposes of taxation so far as relates to their actual cash value. This

board has no other power than this; it has no capacity to equalize the valuation of bank shares for taxation as compared with other moneyed capital in the State. Such capital may, therefore, have a valuation very much below its real value, and even very much below the conventional rate fixed upon bank stocks by the action of this body, and that result almost necessarily follows in this case from the nature of the powers which have been conferred upon it. While it has the power, and it is made its duty, to take the valuation of bank shares, as reported to it by the auditor of Cuyahoga County, and make a comparison between it and the reports of the same character made to it by the eighty other counties in the State, it receives no such report in regard to any other moneyed capital. There is no means furnished it for the purpose of making a comparison of the proportion which the assessment sustains to the true value, as between the banks and the other moneyed capital of the State, in the different counties thereof. While it is not an absolute necessity that this method should result in a discrimination against the national banks, it is one of the probabilities, as has happened in this case, that it may produce such a result, which shall be unfavorable to those institutions.

Section 2804 of the Revised Statutes of Ohio enacts that an annual county board for the equalization of the real and personal property, moneys, and credits in each county, exclusive of cities of the first and second class, shall be composed of the county commissioners and county auditor, who shall meet at the office of the latter in each county on the Wednesday after the third Monday in May, annually. It is provided that this board shall have power to hear complaints and to equalize the valuation of all real and personal property, moneys, and credits within the county. It is under this statute that the assessment was made which the auditor certified to the State Board of Equalization. No complaint has been made that this assessment upon the capital shares of the plaintiff bank was in anywise unequal as regards the assessment upon other moneyed capital.

The organization and method of proceeding of the State

Board of Equalization for incorporated banks is provided for in the following sections of the Revised Statutes of Ohio, 1880:

"SEC. 2808. (As reënacted March 9, 1883; 80 Ohio Laws, 55.) The governor, auditor of State, and attorney general shall constitute a board for the equalization of the shares of incorporated banks, and for this purpose they shall meet on the third Tuesday of June, annually, at the office of the auditor of State, and examine the returns of said banks to the county auditors, and the value of said shares as fixed by the county auditors, as the same shall have been reported by the county auditors to the state auditor.

"SEC. 2809. (As amended March 9, 1883; 80 Ohio Laws, 55.) Said board shall hear complaints and equalize the value of said shares according to the rules prescribed by this title for valuing and equalizing the values of real and personal property, and if in the judgment of the board, or a majority of them, the aggregate value of all the bank property so reported to said board by the county auditors is below its true value in money, they may increase or diminish the value of said shares by such a per cent as will equalize said shares to their true value in money; provided, that said board shall not increase or reduce the grand aggregate value of bank shares as returned by the several county auditors by more than twenty (20) per centum."

It is obvious from these two sections that the only power of this board is to diminish or increase the assessed value of the shares of stock by such a per centum as will make them equal among themselves, and that there is no power of equalization so far as other personal property is concerned or in comparison with other moneyed capital in the hands of individuals.

The language directing the board to proceed "according to the rules prescribed by this title for valuing and equalizing the values of real and personal property" does not authorize a comparison of the value of bank shares with that of real and personal property, but is only intended to have regard to the mode of procedure, such as laying before that body the reports of the county auditors, hearing complaints, and equalizing the assessments as between the shares of the different

banks. Therefore in the order by which it equalized the various bank shares as among themselves, from all over the State, and certified this increase of five per centum upon the assessment to the auditor of Cuyahoga County, it had no purpose to change or to equalize the assessment in its relation to other moneyed capital of the State, of the city of Cleveland, or of the county of Cuyahoga.

It is said, however, that the standard of comparison required by the act of Congress is the assessment of all the banks in the State with that upon moneyed capital all over the State, and that there is no evidence presented in this suit that there was any discrimination against the bank if the standard of comparison here suggested is the one which should govern. There is evidence that the rule which was adopted by the board of equalization of Cuyahoga County of fixing the assessment at sixty per centum of the cash value of the property, prevailed in eleven other counties in the State. It is also a fact that in regard to those counties the discrimination against the national banks, as compared with other moneyed capital, is established.

This alone would be sufficient to establish a discrimination as to 23.6 mills out of the entire rate of 26 mills on the dollar of valuation; it being found as a matter of fact that 26 mills was the entire tax levied upon all the property in the county of Cuyahoga under this assessment, of which the amount of 23.6 mills was exclusively devoted to county and city purposes, and but 2.4 mills was levied for state purposes.

While it might, perhaps, be plausibly said, that in regard to taxation for state purposes, the rule of comparison should include the whole State, it is equally clear that for the much larger proportion of tax levied for county and city purposes the assessment upon the moneyed capital of the citizens in such county and city should furnish the standard by which the inequality of taxation should be determined.

As it has already been shown that the board for the equalization of the shares of incorporated banks had neither the authority nor the means to establish and equalize the assessment of the shares of all the banks of the State with the other moneyed capital of the State, we do not very well see how the

oral testimony of witnesses offered to establish this uniformity of assessment could do so; and if it could, how it was competent to do it in the face of the fact that the board had no such power.

In regard to the deduction of their *bona fide* indebtedness, claimed on the part of certain owners of shares in the plaintiff bank from the assessment levied upon such shares, the court finds that no demand was made therefor "either by the complainant or by any of its shareholders until the 17th day of December, A.D. 1885, a date prior to the commencement of this action, at which time the entire process of the appraisement and equalization of the value of said shares for taxation had been completed, and the tax duplicate for said year had been delivered in accordance with law to the treasurer of said county for the collection of said taxes; but the laws of Ohio make no provisions for the deduction of the *bona fide* indebtedness of any shareholder from the shares of his stock and provide no means by which said deduction can be secured."

Under the decision in *Hills* v. *Exchange Bank*, 105 U. S. 319, we are of opinion that the bank was entitled to relief in the cases of all the shareholders named in the bill, (except James A. Barnett, Robert L. Chamberlain, and James Parmalee,) and that the fact that they did not make an earlier demand for the deduction of their indebtedness from the assessed value of the shares of their bank stock does not defeat their right to have it made by this bill in chancery, for the reason that the court expressly finds that "the laws of Ohio make no provision for the deduction of the *bona fide* indebtedness of any shareholder from the shares of his stock and provide no means by which said deduction can be secured."

This was precisely the case in regard to *Hills* v. *Exchange Bank*, in which this court said: "We are of opinion that, considering the decision of the Court of Appeals of New York, the action of the assessors in the case of Williams, and their own testimony in this case, it is entirely clear that all affidavits and demands for deduction which could and might have been made would have been disregarded and unavailing, and that the assessors had a fixed purpose, generally known to all

persons interested, that no deduction for debts would be made in the valuation of bank shares for taxation. It is, therefore, not now essential to show such an offer when it is established that there were debts to be deducted, and when the matter is still *in fieri*, the tax being unpaid."

In regard to all of the shareholders claiming this deduction, except Barnett, Chamberlain, and Parmalee, the court finds that the allegations of the bill are true, but that as to them they are untrue. It, therefore, granted relief by the injunction as to all of them except these three, as to which it was denied. It is to be observed, however, that the bank takes no appeal from the part of the decree denying relief to these three shareholders.

These principles require the affirmance of the decree of the Circuit Court; and while there will be found in them a sufficient answer to the questions certified by the judges of that court, we do not think it necessary to make a more specific answer to each of them.

*The decree is affirmed.*