Minshall, C. J.
It is evident that the relief prayed for against the stockholders in this case, can not be granted as they are not parties to the action; and, unless the plaintiff is entitled to some relief upon the facts stated against the bank, the demun-er to the petition was properly sustained.
And, as regards the bank, there is but one question in the case that needs to be determined, for the determination of it will dispose of all the others that have been raised; and that is, whether the shares of stock in a national bank are to be listed for taxation in the names of the shareholders or in the name of the bank ? The power of the state to impose any tax upon such shares is conferred by the statutes of the United States, § 5219 Rev. Stats. This is not controverted. It is ¡also true that the property of a national bank, other than its *428 realty, can not be subjected to taxation by a state or any of its-subdivisions. The power conferred by the section just referred to, is to include the “ shares” in the valuation of the personal property of the “owner” or “holder” of such shares. A. bank does not own the shares of its capital; it owns the capital, and the shares are owned by its stockholders. The capital is corporate property; the shares in it are the individual property of its shareholders. It is the latter that may be taxed, and not the former. No authority .is conferred to assess them for taxation against the bank itself; and to so assess them would be but another form of taxing the capital of the bank itself, which no one contends could be done without the authority of congress. A share in a bank is but a fractional part of its capital, owned by one who contributed an equivalent part of the capital, or his transferee; and the aggregate of all the-shares held by individuals in a bank is equal to the aggregate-of its capital. So that if all the shares in a bank were assessed for taxation in its- name and payment of the tax required of it, the effect would be precisely the same as a tax upon the aggregate capital of the bank. . Again, as the shares-are to be assessed for taxation according to their true value im money, a tax so levied would extend to and include all the-property of the bank — its personalty, in the valuation placed on the shares in its capital stock, and its realty, under the exception contained in § 5219 U. S. Rev. Stats. It seems, then, to follow, as a necessary result, that shares in a national bank must be assessed for taxation in the names of the owners of them, and not in the name of the bank itself. The language-of the statute under which the power is conferred on a state-to tax such shares, is such, and the power conferred must be confined to the language, or the exemption of the bank itself from taxation may be reduced to an empty expression.
Nor do the statutes of the state on the subject of taxation,, contemplate- or intend that such stock should be listed in the-name of the bank. They contain special provisions for the-listing of the shares of the stockholders in incorporated banks.. They are required to be listed at their true value in money,, and taxed in the city, ward or village where located, and not. *429 «elsewhere. The shares are not required to be listed by the ■shareholders themselves j this is done by the auditor of the county ; and provision is then made for their equalization, and the hearing of complaints. To facilitate the enlistment of the stock and its valuation for taxation, the bank is required to keep in the office where its business is transacted a full and complete list of the names and residences of its stockholders and the number of shares held by each, open at all times during business hours to the inspection of all officers authorized to list or assess the value of such shares for taxation. § 2764 Rev. Stats. And then annually, at the proper time in the month of May, the cashier is required to make out and return to the auditor a duplicate report of “ the resources and liabilities” of the bank, “ together with a full statement of the names and residences of the stockholders therein, with the number of shares held by each and the par value of each share.” § 2765 Rev. Stats. This constitutes the listing of the stock for taxation, and is necessarily intended tó be done in the names of the owners of it. No other reason can be perceived for the requirement that the names of the owners .and the number of shares held by each, shall be returned to the auditor. Having been thus listed, the auditor is required to fix the total value of the shares according to their true value in money, and deduct therefrom the value of the real ■estate included in the statement. of resources, as the same stands upon the duplicate. This is evidently required for the purpose of arriving at the true value of the shares themselves, and constitutes their valuation by the auditor for taxation.
Provision is then made for their equalization by the annual county board, and finally by the state board of equalization. And it is to be .noticed, that a copy of the statement furnished by the cashier of the names of the stockholders and the number of shares held by each, as well as of the resources and liabilities of the bank, is, in each case, to be furnished by the county auditor, first to the county board, and then to the state board. And finally, on completion of the equalization by the .state board, the Auditor of State is required, forthwith, to iC certify to the auditors of the proper counties the valuation, as *430 equalized, of the shares of banks situated in such counties, which valuations shall be put on the proper tax-lists.” § 28101 Rev. Stats. .It is the “ shares ” that are required to be put upon the proper tax-lists. And as shares belong to their respective owners and not to the bank, it would seem a very reasonable construction to say that they are to be placed on the list in the names of their owners, and not in that of the bank, particularly in view of the fact, that they have been required to be listed, valued and equalized in the names of the owners.
Again, unless the shares are assessed for taxation in the names of the shareholders, there would be no opportunity given a shareholder to have a deduction in his favor for any bona fide indebtedness on his part; and to which he would be entitled under the decisions in Whitbeck, Treasurer v. Mercantile National Bank, 127 U. S., 193, 199; Hills v. Exchange Bank, 105 U. S., 319; Supervisors v. Stanley, Id., 305.
But if any doubt remained upon this point, it is certainly removed by the provisions contained in § 2839 Rev. Stats., making the tax a lien on the shares, and providing a remedy in case of its non-payment. The section is as follows:
“ Any taxes assessed on any shares of stock or the value thereof, of any bank or banking association, shall be and remain a lien on such shares from the first Monday of May in each year until such taxes are paid; and in case of the nonpayment of such taxes at the time required by law by any shareholder, and after notice received of the county treasurer of the non-payment of such taxes, it shall be unlawful for the cashier or other officer of such bank or banking association to transfer or permit to be transferred the whole or any portion of said stock, until the delinquent taxes thereon, together with costs and penalties, shall be paid in full; and no dividend shall be paid on any stock so delinquent, so long as such taxes, penalties, and costs, or any part thereof, remain due and unpaid.”
Each and every provision of this section contemplates an assessment upon shares in the name of the shareholder, and are inconsistent with any other practice. The lien is fastened on *431 the shares, and in ease of the non-payment of the tax “ by any shareholder,” the consequence is visited upon him, and no one else. It is made unlawful for the cashier or any officer of the bank, on notice, to transfer or permit the transfer of his stock, or the payment of any dividends to him so long as the tax remains due and unpaid.
This Ariew does not interfere Avith any arrangement by which a bank may, under the provisions of § 2840, Rev. Stats., as a matter of convenience to its shareholders and the public, agree to ¡jay the taxes levied upon the stock of its shareholders, and deduct the same from dividends or other-funds in its hands belonging to them. In such an arrangement the individual rights of shareholders are preserved, each being liable only for such taxes as may be assessed against stock held by himself. An agreement by the bank in such case to pay the taxes assessed against its shareholders might be enforced as any similar agreement. The assumption would be supported by its possession of funds, belonging to the party whose liability is assumed, and against Avhich it would have the right to credit itself for the payment so made on behalf of the shareholder. Such an arrangement in no way infringes the exemption of the bank from state taxation, nor impairs its efficiency as one of the fiscal agents of the general government j and finds full support in the principles announced by the Supreme Court of the United States in the decision of National Bank v. Commonwealth, 9 Wall. 353 ; Avhere a statute of the State of Kentucky, requiring the bank to pay a tax levied on the shares of its shareholders, was sustained, the tax being paid from funds of the shareholder in its hands, and not from the assets or capital of the bank.
What then rvas the nature of the suit brought by the treasurer against the bank ? It was not for taxes that had been assessed against all or any of its shareholders, and which they or any of them had neglected to pay, and Avhich it might have paid under the provisions of § 2840, Rev. Stats., making it lawful for the bank to pay the taxes, “ assessed upon its shares * ' * * in the hands of its shareholders respectively,” deducting the same from any dividends that might be due or *432 become due upon the same. The substance of the petition is, that the cashier of the defendant, for the years named, made a return to the auditor, purporting to be a true return, of the resources and liabilities of the bank, but did not return any statement of the names of its stockholders with the amount of stock held by each, and, instead thereof, returned a written statement that it would pay the taxes for and on behalf of the stockholders; and that it paid the taxes in accordance with ■said return. That the auditor ascertained that the return was false, and, proceeding to correct the same, ascertained the •amounts omitted for each year, placed the .same on the tax-list against the bank, and, opposite thereto, the taxes on the .amounts omitted for the several years included. For this we fail to find any authority. § 2782, Rev. Stats., applies to the case where an individual has made a false return of his property subject to taxation, and authorizes its correction by ■charging “such persons on the duplicate with the proper amount ■of taxes.” The bank is not subject to taxation, and could therefore have been charged with nothing under this section. But an adequate remedy was provided for the case under •'§ 2769, and constitutes the only remedy where a cashier makes :a false return to the auditor. Under this section, the auditor may examine the books of the bank, and any officer or agent of it under oath, together with such other persons as he may deem proper, “and make out the statement; ” and any officer of the bank may be fined not. exceeding $100, for failing to make the statement, or for willfully making a false one. This would seem to be as efficient as it is rigid for the purpose of securing true returns of bank shares for taxation.
A further claim is made that the bank being charged on the duplicate with the amount of these taxes, the duplicate is, under § 2859 Rev. Stats., prima facie evidence that the tax ■is due, and that the burthen is on the defendant to show that it is not. But that section applies only to the case where taxes stand charged against any person” and are not paid as pre.scribed bylaw. As a-national bank cannot bet-axed by the state, the fact that it may stand charged with a tax upon the duplicate of a county, furnishes no ground for an action of any *433 kind against it. If they stand charged against its stockholders, or any of them, then an adequate remedy for their collection is provided in § 2840 above referred to.
The argument based on the averment that the cashier stated in the return, that the bank would pay the taxes for and on account of its shareholders, cannot avail here. For conceding that this statement amounted to an agreement oii the part of the bank to pay them, and that the agreement was a valid one, still it is averred that it did pay the taxes levied in accordance with the return, and the agreement had that extent, and no more. But it is apparent that the averment was made as setting forth part of the grounds on which the auditor acted in assuming to correct the returns that- had been made by the cashier of the bank, and to charge it with taxes upon omissions for the years designated in the petition, and not as a ground for the recovery of a judgment against the bank for the breach of its agreement. No such judgment is prayed for, and whilst the prayer is no part of the cause of action, still it may be looked at for the purpose of construing the averments of the petition.

Judgments affirmed.