Caldwell, J.
This case comes into this court' on petition in error from the Court of Common Pleas of Lorain county. • The plaintiff in error brought the action. It averred that it was a bank organized under the United States banking law; that the treasurer of the plaintiff reported to the county auditor, as required by section 2765, Rev. Stat. of Ohio, and returned the amount of stock owned by each shareholder, and.the amount of “credits” and “debts” of each shareholder, and applied to the auditor, and also to the annual board of *80 equalization of banks, to have the excess of “debts” over “credits” of each of a number of its stockholders named deducted from his stock, and only the difference, if any, assessed. This was refused. That the real estate of the bank was assessed separately; that much of the moneyed capital of Lorain county under and by virtue of the laws of Ohio is assessed only on what remains after deducting debts therefrom as the same is found belonging to individual citizens in the county and state. And the refusal likewise to deduct debts from national bank stock is illegal and contrary to the provisions of section 5219, of the Revised Statutes of the United States. That the County Treasurer is about to proceed to sell said shares by virtue of the lien on the same as in sec. 2839. The plaintiff asks to have the County Treasurer restrained from collecting beyond an amount admitted as due. The court of common pleas found all the facts as averred in the petition, but refused the plaintiff any such relief.
The holding of the court below is claimed to be error. This is the only question in this case. To determine this question it is necessary to examine the statutes of Ohio in so far as the same relate to the taxation of this kind of property, and also the statute of the United States relating to the same matter.
Section 2730, Statutes of Ohio, defines “Investments in stocks” to mean and include all moneys invested in the capital or stock of any association, corporation, joint stock company, or other company, the capital or stock of which is or may be divided into shares which are transferable by each owner without the consent of the other partners or stockholders, for the taxation of which no special provision is made by law, held by persons residing in this state, either for themselves or others. This language is full enough to include national bank stocks.
That section provides: “The term money or moneys shall be held to mean and include any surplus or undivided profits *81 held by societies for savings or banks having no capital stock, gold and silver coin, bank notes of solvent banks in actual possession, and every deposit which the person owning, holding in trust, and having the beneficial interest therein, is entitled to withdraw in money on demand.? It also further provides : “The term ‘credits’ shall be held to mean the excess of the sum of all legal claims and demands, whether for money or other valuable thing, or for labor or service due or to become due to the person liable to pay taxes thereon, including deposits in banks or with persons in or out of this state, other than such as are held to be money, as hereinbefore defined, when added together (estimating every such claim or demand at its true value in money), over and above the sum of legal bona fide debts owing by such person.”
These provisions of the statute clearly indicate that the divisions of property into “stocks,” money,” and “credits,” etc., for the purpose of taxation, were made for the purpose of applying different rules to the various classes in the mode and manner of taxing them. This being true, stocks cannot be classed as credits, if the purpose of so doing is to deduct from the amount of stock bona fide debts. It is clearly against the obvious intent of the statute to allow such deduction to be made. There is no provision for it in the statutes of Ohio. Niles v. Shaw, treas, 50 Ohio St. 870. It is not contended, however, that the relief sought in this action can be had under the statute of the state unaided by the provision of the United States Statutes, section 5219. This section, after conferring on the states the power to tax shares of national bank stock, places upon that power two restrictions. The first is: “ That state taxation on the shares of any national banking association shall not be at a greater rate than is assessed on other moneyed capital in the hands of the individual citizens of the state.”
It is the rule that so far as the United States Supreme Court has construed this statute, the state courts should follow that construction. By the phrase “ money capital ” in section *82 5219 is included shares of stock or other interests owned by individuals in all enterprises in which the capital employed in carrying on its business is money, where the object of the business is the making of profit by its use of money. Mercantile Nat. Bank v. The City of New York, 121 U. S. 138. It includes money at interest, shares in a national or other bank or trust company. Hepburn v. School Directors, 23 Wall. 480. In the case of Britton v. Evansville Bank, 105 U. S. 322, the phrase was, held to include the rights, credits, demands, and money at interest mentioned in the Indiana statute, from which bona fide debts may be deducted; .all mean moneyed capital invested in that way. This construction includes within this phrase much of what is included under the term “ credits,” as used in section 2730, Ohio Statutes. This restriction has reference to the entire process of assessment, and includes the valuation of the shares as well as the rate of percentage charged thereon. People v. Weaver, 100 U. S. 539.
Hence the two statutes cannot be harmonized by construing the phrase “ greater rate ” to refer to only the rate of percentage and not to the amount at which such shares are taxed, for the last case makes it include both. The object of the United States statute is not to curtail the power of the state to tax, but to prevent unfriendly or discriminating taxation. Adams v. Nashville, 95 U. S. 19.
It is certain that congress knew, when it passed this law, that many of the states by their laws allowed debts to be deducted from “credits” included within the phrase “moneyed capital,” and did not include stocks within credits, and in other states debts could be deducted from amount of personal property exclusive of bank stocks and certain other stocks. It would from this seem to follow that congress intended that national bank stocks should in some states, such as Ohio and-others, be taxed as credits, and in other states it should not be exempted from the general rule of deducting debts from personal property.
*83 The United States Supreme Court has many times held that the only power that a state has to tax national bank stock is derived from the act of congress granting such power. Section 5219. People v. Weaver, 100 U. S. 539, and the cases there cited. Many of the states have held the same way, while some few states hold that the state possesses the power independent of the act of congress. As the Supreme Court oí Ohio has never decided this question, so far as I know, we follow the holding of the United States Supreme Court.
If then the United States statute creates the power in the state, and at the same time prescribes a mode in which the power shall not be exercised, it is clear that the donee of the power cannot legally exercise the power in such prohibited mode. 3 Nat. Bank Cases, 564. The power being donated to the state, and the legality of the mode of assessment being determined by the fact whether the owner of the stock has or has not debts, such as he may deduct from credits, it follows that the tax in this case is not void, but only voidable. Hills v. Exchange Bank, 105 U. S. 319 ; Supervisors v. Stanley, 105 U. S. 305; Boyer v. Boyer, 113 U. S. 689.
The Supreme Court of the United States has held that Ohio must permit the owner of national bank stock to deduct from the same his debts notwithstanding the statute, at least constructively, prohibits that being done. Whitbeck, treas. v. Mercantile Nat. Bank, 127 U. S. 193. Hike holdings have been made with reference to similar statutes of other states. Hills v. Exchange Bank; Supervisors v. Stanley; Boyer v. Boyer, already cited; Wasson v. First Nat. Bank, 107 Ind. 206.
, Counsel for the County Treasurer insists in his argument that the Supreme Court of Ohio Has held otherwise, and cites us to the case of Niles v. Shaw, treas., 50 Ohio St. 370, as bearing him out in so contending. We have not seen the record in the case, and hence must rely on the case as reported to determine what it decides. The syllabus is : “ Our tax laws do not authorize the deduction from the value of shares *84 in a national bank, entered on the duplicate for taxation, of legal bona fide debts owing by the holder of such shares of stock.” This is certainly so. There is no such provision of Ohio law. Then the petition, as it is referred to in the statement of the case, says in substance, the plaintiff has a right to deduct his debts from his national bank stock by reason of the provisions of the laws of Ohio.
The opinion says that by 2730 and 2731 Ohio Statutes, national bank stocks are to be classed as stocks, and not as credits, and hence bona fide debts cannot be deducted from them. This case then decides only that national band stocks must, under Ohio law, be classed as “ stocks”, and not as “credits”; this being true, they cannot, under Ohio statutes, be taxed as “ credits.” This is not the question we have been called upon to decide. The question before us is, can the state tax national bank stock in excess of other moneyed capital of individual citizens of the state?
The tax when levied is only voidable, and if a party seeks to avoid the tax in whole or in part, because his stock should have been classed as “credits”, instead as of “stocks,” under the Ohio law — and the court determines this not to be a good ground on which the tax can be avoided — the court is not justified in going outside of the petition to find a ground on which the tax; can be avoided. Hence, we can not see how the .question before us could possibly have been before the court in the case of Niles v. Shaw, treas. In Miller, treas. v. The First National Bank, 46 Ohio St. 424, the Supreme Court decided that the proper method of listing national bank stock is not to list in the aggregate in the name of the bank, but in the'name of the respective owners of the shares. Min-shall, C.’J., in his opinion in the case, says: “Unless the shares, are assessed for taxation in the names of the shareholders, there would be no opportunity given to a shareholder to have a deduction in his favor for any bona fide indebtedness on his part, and to which he would be entitled under the decisions in Whitbeck, treas. v. Mercantile National Bank, 127 *85 U. S. 193, 199; Hills v. Exchange Bank, 105 U. S. 319; Supervisors v. Stanley, Id. 305.”
Boynton & Horr, for plaintiff in error.
E. G. Johnson, for defendant in error.
The judgment of the court of common pleas is reversed, and we render judgment for the plaintiff in error upon the findings of facts in the journal entry as prayed for in its petition.