MERCANTILE NAT. BANK OF CLEVELAND, OHIO, v. LANDER,
Treasurer of Cuyahoga County, Ohio.

(Circuit Court, N. D. Ohio, E. D. May 29, 1901.)

No. 5,980.

1. TAXATION—SUPPLYING OMITTED ASSESSMENT—OHIO STATUTES.
    Under the Statutes of Ohio, as construed by its supreme court, where proper return has been made of the stock of a national bank for taxation, from the value of which stockholders have been allowed to deduct their indebtedness as in case of other moneyed capital, a county auditor has no power, in a subsequent year, to place the amount of such deductions on the duplicate list as an omission, and collect taxes thereon, although the deductions were not authorized by law.

2. JUDGMENT—RES JUDICATA—MATTERS CONCLUDED.
    The doctrine of res judicata cannot be applied to judgments or decrees which merely interpret general statutes, and the obligations of citizens under them, except in so far as such judgments or decrees involve findings of fact to which such interpretation has been applied. A decree enjoining the collection of taxes levied in one year cannot be given effect as an adjudication of the nonliability of the complainant for similar taxes levied on the same property in a subsequent year, although there has been no change in the laws by legislation, since the complainant cannot, by such decree, acquire a vested and permanent right to have such laws interpreted in the same way as applied to him, although they may be enforced as to others, in accordance with a later and different interpretation.

3. TAXATION—NATIONAL BANK SHARES—EFFECT OF DECISION CHANGING CONSTRUCTION OF STATUTE.
    By a decision of the supreme court of Ohio rendered in 1888, stockholders in national banks were held entitled to deduct from the valuation of their shares for purposes of taxation the amount of their in-

debtedness, and subsequently such deductions were allowed and made. In 1897 the court rendered a contrary decision upon the same statutes, which was affirmed by the supreme court of the United States. *Held*, that all stockholders, including those who were parties to the first decision, were subject to taxation in accordance with the later decision, after it was rendered, but that such decision was not retroactive, so as to authorize the state or municipalities to collect taxes on the amount of deductions made in previous years under the former decision, while such decision was the law of the state.

In Equity. Suit to enjoin the collection of taxes.

W. W. Boynton and Norton T. Horr, for plaintiff.

P. H. Kaiser, Fred. L. Taft, and S. W. Bennett, for defendant.

WING, District Judge. The bill and supplemental bill in this case ask that the defendant, Marcellus A. Lander, treasurer of Cuyahoga county, be perpetually enjoined from collecting certain taxes on the stock of the Mercantile National Bank, complainant, for the years 1894, 1895, and 1896. It is shown by the bill that these taxes are on the duplicate, and threatened to be collected, because the auditor, on the 14th day of October, 1899, unlawfully added to the respective duplicates of the years 1894, 1895, and 1896 the names of the stockholders of said bank, the holdings of shares, and the value thereof, and, against each of said stockholders, taxes on said valuation in the amounts shown after their respective names, and certified said taxes to the defendant treasurer for collection, and that such certification, entry, and addition were made without any color or right or power. The complainant rests its right to the relief prayed for upon two grounds: First, that under the statutes of Ohio governing the powers and duties of the auditor in this regard, and their interpretation by the supreme court of the state, the auditor had no right to make such addition with respect to the years mentioned; and, second, that the defendant is estopped to tax the shares of stock in the complainant corporation against its stockholders without allowing them to offset their respective indebtednesses, by former adjudication.

As to the first ground urged by the complainant the court has no difficulty. In the case of State v. Akins (Ohio Sup.) 57 N. E. 1094, which was an application to the supreme court of the state for a writ of mandamus to compel the auditor of Cuyahoga county to do what is complained of in this bill, to wit, to add to the duplicate taxes against the holders of the stock of the complainant for the years 1894, 1895, and 1896, it was held that the auditor had no power or right to so increase the duplicates of previous years. The court say:

"A stockholder in a national or incorporated bank has not the right to have his indebtedness deducted from the value of his shares by the county auditor; but, when this has been done in former years, there is no law by which the deduction can thereafter be placed on the duplicate, as an omission, and the taxes collected thereon. Sections 2781, 2782, Rev. St., apply only to persons required to make returns of their property for taxation; and the stock of a shareholder in a bank is returned, not by himself, but by the cashier, and is assessed by the auditor. The remedy for a false return by the cashier is provided for in section 2769, Rev. St. There was, however, no false return by the cashier in this case."

It is contended by the defendant that the supreme court of Ohio had under consideration only section 2781, and did not interpret section 2781a, under which latter section, it is claimed, the auditor had a right to make the additions complained of. Section 2781a was passed some months prior to the denial of the writ of mandamus. It may be assumed that the court was governed by the statutes in force at the time of their refusal to grant the writ. The statutes in force at that time prescribed the duty and limited the powers of the auditor. If, by the acts then in force, the court considered it to be within the power of the auditor to make these additions, the writ would have been granted. The refusal to grant the writ is conclusive of the question whether or not such authority existed in the auditor at the date of the decision of the supreme court refusing the writ.

In order to make myself clear with respect to the second ground upon which complainant rests its prayer for relief, it is necessary to state chronologically the action of the courts with respect to this much-mooted question of the right to tax the shares of stock in a National Bank in Ohio without allowing the holder of such stock to offset his indebtedness. In the case of Whitbeck v. Bank, 127 U. S. 193, 8 Sup. Ct. 1121, 32 L. Ed. 118, decided in April, 1888, it was held that the owners of stock in a National Bank in Ohio were entitled to have a deduction of their indebtedness made from its assessed value, as in the case of ordinary moneyed capital. Notwithstanding this decision, the supreme court of Ohio held, in April, 1897, in the case of Chapman v. Bank, 56 Ohio St. 310, 47 N. E. 54, that the holder of national bank shares had no right, under the statutes, state and national, to deduct his legal bona fide debts from the value of such shares, but that he was legally bound to pay tax upon the assessed value of such shares, without deduction on account of such debts. That decision followed the previous decision in Niles v. Shaw, 50 Ohio St. 370, 34 N. E. 162. The Chapman Case was taken to the supreme court of the United States on error, and was there affirmed in January, 1899. 173 U. S. 205, 19 Sup. Ct. 407, 43 L. Ed. 669. In the years 1886, 1888, and 1893 suits were brought by this same complainant to restrain the treasurer of Cuyahoga county from collecting a tax on account of the shares of stock of the complainant bank, without allowing an offset of indebtedness by stockholders. In each of these suits decree was rendered in favor of the complainant, and the treasurer was enjoined. The decrees in these cases are pleaded by the complainant as res judicata, and the records in such cases have been offered in evidence, and admitted, notwithstanding the objection of the defendant. In this ruling I have followed the decision of the circuit court of appeals. Bank v. Hubbard, 105 Fed. 809.

I wish, however, to express my reasons for giving effect to the decrees shown by the records pleaded and put in evidence. As we have seen by reference to the decisions reported and pleaded, from the year 1888 until April, 1897, when the case of Chapman v. Bank was decided by the supreme court of Ohio, the law was, as an-

nounced in Whitbeck v. Bank, that the stockholders in national banks in Ohio had a right to offset their bona fide indebtedness against the value of their stock for the purposes of taxation, and that an auditor was acting contrary to the law when he refused to allow such offset. When the decision in Chapman v. Bank was rendered the law was changed, and such change was confirmed by the decision of the supreme court of the United States. If the decrees pleaded by the complainant should be treated as res judicata, it would be necessary to come to the conclusion that the stockholders of the Mercantile National Bank would, until there should be some change in the laws by legislation, be taxed upon their shares of stock in the complainant corporation according to one rule, and holders of stock in national banks, other than the complainant, unless they also had obtained decrees, would be taxed by an entirely different rule; the stockholders of the complainant being permitted to set off against the valuation of their stock their bona fide indebtedness, and the stockholders of all other national banks being compelled to pay tax upon the full value of their stock without such offset or deduction, and this notwithstanding the provision of the constitution of the state of Ohio that all taxes shall be levied and collected by a uniform rule. I may suppose a case which will illustrate more clearly my meaning. I will suppose that, in the year 1888, it had been attempted, by the auditor and treasurer of Cuyahoga county, to tax certain shares of stock in the Lake Shore & Michigan Southern Railway Company, and A., an owner of such stock, had brought suit to test the validity of such tax, and to enjoin its collection. We will assume that this cause had been carried to the supreme court of the state, which had decided that the plaintiff was right in his contention, and that there was no right existing under the law to tax such stock. We will assume that, in the year 1890, the auditor and treasurer had again attempted to levy a tax upon stock in the railroad company named; that B. thereupon had resisted such attempt to tax, and had filed his petition to enjoin; that this cause had ultimately been taken to the supreme court of the state, and there decided in favor of the defendant, the court then holding that stock in that railway company was subject to tax, although there had been no change in the constitution or statutes of the state with respect thereto since the previous decision. Applying the doctrine of res judicata to this state of facts, we would be driven to the conclusion that A. could hold stock in the Lake Shore & Michigan Southern Railway Company exempt from taxation, while all other citizens of Ohio would be obliged to pay tax thereon. I do not think the doctrine of res judicata can be applied to judgments, decrees, or decisions which merely interpret general statutes, and the obligations of citizens under them, except in so far as such judgments or decrees involve findings of fact to which such interpretation has been applied.

In Keokuk & W. Ry. Co. v. Missouri, 152 U. S. 301, 14 Sup. Ct. 592, 38 L. Ed. 450, it is said, in the opinion of the court (on page 314, 152 U. S., page 597, 14 Sup. Ct., and page 456, 38 L. Ed.):

"A suit for taxes for one year is no bar to a suit for taxes for another year. The two suits are for distinct and separate causes of action. If there were any distinct question litigated and settled in the prior suit, the decision of the court upon that question might raise an estoppel in another suit, upon the principle stated in Cromwell v. Sac Co., 94 U. S. 351, 24 L. Ed. 195. * * * In the case of City of Davenport v. Chicago, R. I. & P. Ry. Co., 38 Iowa, 633, the supreme court of Iowa held that a decree in favor of a railway company in a suit for taxes for a prior year would not estop the state from collecting the taxes for a subsequent year, each year's taxes constituting a distinct and separate cause of action. * * * It could never be tolerated that the state should be forever barred in its collection of taxes by an erroneous decision."

In City of New Orleans v. Citizens' Bank of Louisiana, 167 U. S. 371, 17 Sup. Ct. 905, 42 L. Ed. 202, the judgment which was held to work estoppel, as matter adjudicated, was founded upon a provision of the charter of the defendant bank which was held to be a contract operating in favor of the bank to exempt it from taxation. It having been determined, by a court of competent jurisdiction, that such contract existed, and that it had the effect, by its terms, of exempting the bank from taxation, it is clear that that question never again could be litigated between the same parties.

It does not seem to me sound doctrine that a party to the litigation which evokes an interpretation of a general statute should, from the simple fact that he was such party, thereby acquire a vested and permanent right to have such statute, so far as it might apply to him, interpreted in the same way, although capable of enforcement as to all others in a different way. Sufficient force, I think, can be given to the decisions pleaded by the complainant by adopting another rule of law, to wit, that decisions of courts should not have a retroactive effect. We have seen that the law, as announced by the court of last resort from the year 1888 to 1897, was to the effect that stock in national banks could not be taxed in Ohio without permitting the stockholder to offset his bona fide debts. Any and all citizens of Ohio had a right, in the arrangement of their affairs, to assume that this was the law. The decrees of injunction entered in the cases pleaded by the complainant were made upon the assumption that such was the law, and served to give further evidence to the citizens of that fact.

In Douglass v. Pike Co., 101 U. S. 677, 25 L. Ed. 968, it is said in the syllabus:

"The settled judicial construction of a statute, so far as contract rights were thereunder acquired, is as much a part of the statute as the text itself, and a change of decision is the same in its effect on pre-existing contracts as a repeal or an amendment by legislative enactment."

In the opinion (on page 687, 101 U. S., and page 971, 25 L. Ed.) Chief Justice Waite speaks as follows:

"The true rule is to give a change of judicial construction in respect to a statute the same effect in its operation on contracts and existing contract rights that would be given to a legislative amendment; that is to say, make it prospective, but not retroactive. After a statute has been settled by judicial construction, the construction becomes, so far as contract rights acquired under it are concerned, as much a part of the statute as the text itself, and a change of decision is to all intents and purposes the same in its effect on contracts as an amendment of the law by means of a legislative enactment."

It may be said that the obligation to pay taxes is not a matter of contract; but the principle announced is applicable to other subject-matter than that involving contract, such as statutes relating to crime, and those regulating and prescribing duty. The law which fixed the obligation of a holder of national bank stock in the years 1894, 1895, and 1896 included the statutes of Ohio with respect to taxation, the statute of the United States commonly called the "National Banking Act," and the interpretation of such statutes in the case of Whitbeck v. Bank. The later decisions in Chapman v. Bank, were, in effect, amendments of that law. It must be admitted that the obligation to pay taxes in the year 1894 could not be created by the passage of a statute, or an amendment to a statute, in 1897.

I hold that in the years 1894, 1895, and 1896, by reason of the decision in Whitbeck v. Bank, no right existed to levy a tax upon shares in national bank stock against any holder thereof, who was a citizen of Ohio, without permitting him to offset his bona fide debts. This law was changed by the decisions referred to in Chapman v. Bank. To permit the auditor of Cuyahoga county, in the year 1899, because of the decision rendered in 1897, to place upon the duplicate of the years 1894, 1895, and 1896 something that he could not lawfully have put upon those duplicates in those years, is to give retroactive effect to the decision of 1897. This should not be done.

I do not think that it was necessary for the complainant to plead the records which it has alleged in the bill. Citation would have been enough. Whatever estoppel was operative in favor of the complainant was operative in favor of every citizen of Ohio. For the reasons given, the injunction is granted as prayed for.