LANDER, Treasurer of Cuyahoga County, Ohio, v. MERCANTILE NAT.
BANK OF CLEVELAND, OHIO.

(Circuit Court of Appeals, Sixth Circuit.   November 5, 1902.)

No. 1,048.

1. TAXATION—NATIONAL BANK SHARES—OHIO STATUTE FOR SUPPLYING OMIS-
SIONS.

Rev. St. Ohio, § 2781a, enacted March 22, 1900, and which is sup-
plementary to the original section 2781, under the decisions of the state
supreme court construing the original and cognate sections, does not
authorize a county auditor to place upon the duplicate tax list sums
which have been allowed as deductions from the valuation of national
bank stock in previous years on account of the indebtedness of the stock-
holders, as property omitted from taxation or not taxed according to
its true value, although such deductions were not authorized by law.

2. SAME—ILLEGAL ASSESSMENT—STATUTORY REMEDY BY INJUNCTION.

The remedy given by Rev. St. Ohio, § 5848, expressly authorizing suits
to enjoin the illegal levy of taxes or assessments or the collection
thereof, may be enforced on the equity side of the federal courts.

Appeal from the Circuit Court of the United States for the North-
ern District of Ohio.

For opinion below, see 109 Fed. 21.

A. B. Benedict, for appellant.

Norton T. Horr, for appellee.

Before LURTON, DAY, and SEVERENS, Circuit Judges.

DAY, Circuit Judge.   This case was based on bill and supple-
mentary bill to enjoin the treasurer of Cuyahoga county, Ohio, from
collecting certain taxes assessed by the auditor of that county against
stockholders in the complainant's bank.   It appears from the allega-
tions in the pleadings and the stipulations of the parties at the hear-
ing that the auditor of Cuyahoga county, in the years 1894, 1895, and
1896, had permitted certain of the stockholders in the bank to de-
duct from the value of the shares assessed against them for taxation
the amount of the indebtedness owing by them during those years.
This was done under the authority of Whitbeck v. Bank, 127 U. S.
193, 8 Sup. Ct. 1121, 32 L. Ed. 118, in which it was held that stock-
holders in a national bank were entitled to deduct from their hold-
ings of stock for taxation the amount of their bona fide debts.   In
the later case of Chapman v. Bank, 56 Ohio St. 310, 47 N. E. 54,
approved in Bank v. Chapman, 173 U. S. 205, 19 Sup. Ct. 407, 43 L.
Ed. 669, it was determined that stockholders had no right to set off
their debts as against the value of stock held in national banks.
After these decisions, and after the passage of the act of the legisla-
ture of Ohio of March 22, 1900, hereinafter referred to, the auditor
of Cuyahoga county charged against the persons who had been there-
tofore allowed said deductions the amount of taxes thereon as taxes
upon omitted property.   The treasurer having said taxes for col-
lection, this proceeding was begun to enjoin him from so doing.

One of the grounds relied upon for an injunction was that, by cer-
tain adjudications in the federal courts, the treasurer was estopped

118 F.—50

from undertaking to collect these taxes. The recent decision of the supreme court of the United States in Lander ·v. Bank (decided June 2, 1902) 22 Sup. Ct. 908, 46 L. Ed. 1247, holding that the former judgments are not res adjudicata between the parties as to the right to deduct debts from the value of bank shares, except the fact of each year's discrimination shall be established as to the taxation of that year, effectually disposes of this ground of relief against the complainant's contention.

The case, as now presented, is to be determined upon the answer to the question whether the act of the Ohio legislature passed March 22, 1900, supplementary to section 2781 of the Revised Statutes of Ohio, authorized the auditor to place the amount of the taxes upon the deductions for the years in question upon the duplicate against the stockholders in the complainant's bank, who had been allowed the same by the action of the auditor in the years 1894, 1895, and 1896. The final action of the auditor, it is established in the record, was taken after notice to the several stockholders upon hearing after the passage of the supplementary section 2781a, Act March 22,. 1900. This section is as follows:

"Sec. 2781a. If any person whose duty it is to list property, or to make a return thereof for taxation to the assessor or county auditor or to any board, officer, or person, other than a board composed of officers of more than one county shall in any year or years fail to make a return or statement, or if such person shall make a return or statement of only a portion of his taxable property, and fail to make a return as to the remainder thereof, or if he shall fail to return his taxable property or any part thereof, according to the true value thereof in money, as provided by law, the county auditor shall, for each year, as to such property omitted and as to property not returned or taxed according to its true value in money, ascertain as near as practicable the true amount of personal property, moneys, credits and investments that such persons ought to have returned or listed, and the true value at which the same should have been taxed in his county for not exceeding the five years next preceding the year in which the inquiries and corrections provided for in this section and in sections 2781 and 2782 of the Revised Statutes, are made, and multiply the omitted sum or sums by the rate of taxation belonging to said year or years, and accordingly enter the same on the tax lists in his office, giving a certificate therefor to the county treasurer, who shall collect the same as other taxes. The term personal property, as used in this section, shall be held to apply to all kinds of omitted property for the taxation of which, for any of the years in which it was omitted, provision has not been made by law. The power and duty of the auditor under the provisions hereof shall be held to extend to all cases where property, taxable within his county, has for any reason not been assessed and taxed according to its true value in money, as provided by law, except that where provision is made by law for the appraisement and assessment of property by a board composed of officers of more than one county, and such property or any part thereof has escaped taxation, the duties herein provided for shall be performed by such board, which shall have jurisdiction at any subsequent meeting to appraise and assess such omitted property for the year or years so omitted, and certify its assessment to the proper officer or officers to be placed upon the tax lists of the proper county or counties for the collection of omitted taxes thereon in the same manner as current assessments are certified by said board, and such officer or officers shall give a certificate therefor to the county treasurer, as in other cases. The provisions of sections 2782 and 2783 of the Revised Statutes, as to notice and procedure shall, in so far as the same may be applicable, apply to the proceedings under this section, and nothing herein contained shall be construed to repeal any statute now in force as to the taxation of omitted property. And this act

shall apply as well to property heretofore omitted or not taxed according to, its true value in money as provided by law, as to property that may hereafter be omitted or not so taxed. The provisions of section 1071 of the Revised Statutes shall not apply to cases arising under this supplemental section 2781a.

"Sec. 2. This act shall take effect and be in force from and after its passage." 94 Ohio Laws, p. 62.

The original section 2781 is found in the Revised Statutes of Ohio, in title 13, "Taxation," in chapter 2, relating to the listing of personal property, under the subhead of "Correction of Taxes," and is as follows:

"If any person whose duty it is to list property or make return thereof for taxation, either to the assessor or county auditor, shall, in any year or years make a false return or statement, or shall evade making a return or statement, the county auditor shall, for each year, ascertain, as near as practicable, the true amount of personal property, moneys, credits and investments that such person ought to have returned or listed, for not exceeding (the) five years next prior- to the year in which the inquiries and corrections provided for in this and the next section are made; and to the amount so ascertained, for each year, he shall add fifty per centum, multiply the sum or sums thus increased by said penalty by the rate of taxation belonging to said year or years, and accordingly enter the same on the tax lists in his office, giving a certificate thereof to the county treasurer, who shall collect the same as other taxes."

This section as construed by the Ohio supreme court pertains only to those persons whose returns are false, or who have evaded making returns, and not to those who have honestly, though mistakenly, returned their property for taxation. A "false return," within the meaning of this section, must be one in which there appears, if not a design to mislead or to deceive, at least culpable negligence on the part of the taxpayer. Ratterman v: Ingalls, 48 Ohio St. 468, 28 N. E. 168. This requirement as to the character of the returns which come within the purview of the original section must be borne in mind in construing the supplementary section 2781a, wherein there is no requirement that the return shall be false, and it is sufficient if the property has been omitted from the returns, which should have been made in the five years covered by the law. The original section was clearly aimed, as its language imports, at persons whose duty it is to list property or make returns for taxation, and the auditor, having ascertained the amount such persons "ought to have returned," is required to enter the taxes upon the same, with a penalty of 50 per centum, on the tax lists in his office, and certify the same to the treasurer for collection.

The taxation of shares in banks, state and national, is provided for by another part of the same chapter under the subhead, "Incorporated Banks," being sections. 2762–2769, inclusive. These sections were before the supreme court of Ohio for construction in Miller v. Bank, 46 Ohio St. 424, 21 N. E. 860. In that case it was pointed out that under the sections regulating the taxation of bank shares the same are not required to be listed by the stockholders. This is done by the auditor of the county. The return to the auditor is required to be made by the cashier, not by the stockholder. The cashier's return must show the liabilities· and resources of the bank, the names and

residences of the shareholders, with the number of shares held by each, and the par value of each share. This, the supreme court held, constituted the listing of the stock for taxation. The auditor is thereupon required to fix the total value of the shares in money, deducting therefrom the value of the real estate as the same appears upon the duplicate. After equalization by the state board, the auditor of state certifies the value of the assessed shares to the respective county auditors for entry upon the proper tax lists. In this scheme of taxation no return is required by the shareholder. Under other provisions of the law the bank may pay the taxes against the shareholder. It was held that section 2782, which, like section 2781, provides a method of correcting false returns of property by persons required to make proper returns, did not apply to false returns by cashiers, as relief against such returns is solely under the sections relating to the taxation of bank shares. Of this subject Chief Justice Minshall, delivering the opinion of the court, said:

"But an adequate remedy was provided for the case under section 2769, and constitutes the only remedy where a cashier makes a false return to the auditor. Under this section the auditor may examine the books of the bank, and any officer or agent of it under oath, together with such persons as he may deem proper, 'and make out the statement'; and any officer of the bank may be fined not exceeding $100 for failing to make the statement, or for willfully making a false one. This would seem to be as efficient as it is rigid for the purpose of securing true returns of bank shares for taxation."

These decisions throw light upon the legislative purpose in enacting section 2781a. The Miller Case, holding that the remedy for false returns by a cashier was exclusively under section 2769, had been decided about 10 months before the enactment of section 2781a. While the supreme court did not hand down the decision in the Ratterman Case until afterwards, the remedy provided by the original section 2781 was obviously directed against false returns. The legislature in passing the supplementary section must be presumed to have known of the construction of the bank sections in the Miller Case. No attempt was made to amend them, or to provide other means for directly reaching bank shares, already a matter of special provision in the sections cited.

The act under consideration is entitled "An act to supplement section 2781 of the Revised Statutes of Ohio relating to the taxation of omitted property." There can be no claim that the case now under consideration is one of property omitted. The shares were returned, were equalized, and, according to the allegations of the treasurer's answer, were duly listed for taxation, when the county auditor, by certificate of deduction, relieved the shareholders from paying thereon to the extent of the debts allowed to be deducted. Section 2781a is not only in pari materia with the original section, but is directly and specifically supplementary thereto. The construction of a supplementary act is to be preferred which best harmonizes with the tenor and spirit of the act supplemented. Endl. Interp. St. § 40. The section (2781a) in its opening paragraphs shows that it is aimed at persons whose duty it is to list property for taxation and is intended to provide a remedy against such a person. Such person is amenable

to the process of the statute if he fails to make a return or statement, or if he only makes a partial return, or if he fails to return any of his property according to the true value thereof in money. It is claimed by the appellants that the following words of the section broaden its scope so as to include within its meaning a tax on bank shares under the circumstances now under consideration:

"The power and duty of the auditor, under the provisions hereof, shall be held to extend to all cases where property, taxable within his county, has for any reason not been assessed and taxed according to its true value in money, as provided by law. * * * And this act shall apply as well to property heretofore omitted or not taxed according to its true value in money, as provided by law, as to property that may hereafter be omitted or not so taxed.".

The "power and duty of the auditor under the provisions hereof" relate to the cases named in the section of omitted, partial, or undervalued tax returns by persons whose duty it is to list property. All parts of the statute must be read together in order to determine its true meaning. The detached sentence relied upon is very broad in its terms, but it must be construed as a part of the section having relation to the declared purpose of the law to reach omitted property and to compel full and true returns by those whose duty it is to make them. The stockholder in banks, as we have already seen, is not required to return his shares. That duty devolves upon the cashier. The legislature is presumed to have known of the decision in the Miller Case, supra,—that sections 2781 and 2782 had nothing to do with the return of such property. The section supplemented was aimed at persons who made false returns. The supplementary section was still aimed at persons whose duty it is to make returns, and reached beyond the original section in the inclusion of the property which should have been returned, whether the original return was "false" or otherwise. This seems to us the proper construction of the statute.

Furthermore, we think this question foreclosed by the construction placed upon the section by the supreme court of Ohio, whose decision upon a question of this character is binding upon the federal courts.

State v. Akins, 63 Ohio St. 182, 57 N. E. 1094, was an action in mandamus brought in the supreme court of Ohio on relation of the state auditor against the then auditor of Cuyahoga county to compel the latter to place upon the duplicate the sums which had been allowed as deductions from the value of bank shares. The court refused to award the writ, and made the following per curiam decision:

"A stockholder in a national or incorporated bank has not the right to have his indebtedness deducted from the value of his shares by the auditor, but when this has been done in former years there is no law by which the deduction can thereafter be placed on the duplicate as an omission and the taxes collected thereon. Sections 2781 and 2782 apply only to persons required to make returns of their property for taxation, and the stock of a shareholder in a bank is returned, not by himself, but by the cashier, and is assessed by the auditor. The remedy for a false return by a cashier is provided for in section 2769, Rev. St. There was, however, no false return by the cashier in this case."

This case was decided after the passage of Act March 22, 1900, § 2781a. In the decision just quoted no reference was made to the

supplementary section. We are advised by the appellants in their brief that, the attention of the supreme court being called to this section, a rehearing was granted. Upon the rehearing the supreme court, on the 22d of January, 1901, announced its decision as follows:

"The State ex rel. W. D. Guilbert, Auditor, etc., v. Albert E. Akins, Auditor of Cuyahoga County. In mandamus. On rehearing judgment adhered to. All concur." 65 N. E. 1134.

It is claimed by the appellants that it does not appear on what ground the supreme court rested its decision. We have been furnished by counsel with the briefs in that case, and we find that the proposition argued by the attorney general and his associates, as well as by counsel for the bank, upon the rehearing, was as to the applicability of section 2781a; it being contended on the one hand that it did not apply to returns of bank stock, and on the other that it is broad enough to include the same, and to require the auditor to put the deductions formerly allowed upon the tax list. In its first decision the supreme court held that the original sections 2781 and 2782 only applied to persons required to make returns of property for taxation, and not to the stock of the shareholder in the bank, which is to be returned by the cashier, and followed its decision in the Miller Case, supra, that the remedy for a false return by the cashier is under section 2769 of the Revised Statutes.

The record in this case, we are advised, was not printed, but the prayer of the petition is copied in the brief of the attorney general, and informs us that the auditor was asked to be required to do everything enjoined upon him in respect to the correction of said duplicate, necessary to the levy and collection of taxes on the true value of the shares, without offsets, counterclaims, or deductions, and for all other proper relief, and it was argued that the relief should be such as the law showed the relator to be entitled to upon the trial. Had the supreme court been of opinion that the supplementary act was broad enough to reach bank shares under the circumstances of the present case, the pleadings as quoted in the attorney general's brief seem broad enough to warrant such a judgment. As argued therein, no new demand upon the auditor would be necessary; the direction of the court that he proceed under the law to correct the tax lists would have been all sufficient. For the purpose of determining the effect of this section a rehearing was granted. Its applicability was the thing elaborately discussed by counsel on both sides. We cannot escape the conclusion that the supreme court of Ohio "adhered" to its former decision because it did not deem the supplementary section applicable to the case in hand.

Two letters are shown by counsel at the argument written by the chief justice of the supreme court of Ohio, the first of which was written a few days after the decision, in which the chief justice, after conferring with the other members of the court, writes that the point decided was that section 2781a, being the act of March 22, 1900, did not authorize the listing of back taxes for former years on the amount of deductions from the value of bank shares on the account of the indebtedness of the owner. Counsel for the appellant exhibit a

letter written some three months later in which the chief justice is not willing to state with absolute certainty the grounds upon which the decision was rested. We are of the opinion that we cannot consider these letters in determining what the court did decide. We ground our conclusion upon the considerations already advanced.

It is further argued by the appellants that the bank did not exhaust its remedy at law by further proceedings under the Ohio Statutes. The Revised Statutes of Ohio (section 5848) expressly declare that suits may be brought to enjoin the illegal levy of taxes or assessments or the collection thereof. It has been held in authoritative decisions that this statute will be enforced on the equity side of the federal courts. Grether v. Wright, 23 C. C. A. 498, 75 Fed. 742; Cummings v. Bank, 101 U. S. 153, 25 L. Ed. 903.

It being conceded that the authority for correcting tax lists so as to include the deductions of previous years from the value of bank shares, if it exists, is under section 2781a, and, construing this section as we do, we reach the conclusion that the circuit court did not err in granting a perpetual injunction against the collection of the taxes in controversy.

Judgment affirmed.