## HILLS v. EXCHANGE BANK.

1. *Supervisors* v. *Stanley* (*supra*, p. 305) cited and approved.
2. A national bank may, on behalf of its stockholders, maintain a suit to enjoin the collection of a tax which has been unlawfully assessed on their shares by the State authorities.
3. Where, under the statute of New York, such stockholder has presented to the proper board of assessors his affidavit, by showing that his personal property subject to taxation, including such shares after deducting therefrom his just debts, is of no value, and they refuse on his demand to reduce the assessment of the shares, an injunction should be awarded to restrain them from collecting the tax.
4. Where, in a suit by the bank, it is entirely clear from the proofs that all affidavits and demands of the other stockholders for a deduction from the assessed value of their respective shares, by reason of just debts which they owe, would, for purposes of taxation, be disregarded, and the assessors have evinced a fixed purpose to reject every such deduction, this court, in reversing the case, permits an amendment of the pleadings to allow each stockholder to show the amount of the deduction to which he is entitled.

APPEAL from the Circuit Court of the United States for the Northern District of New York.

The facts are stated in the opinion of the court.

*Mr. Rufus W. Peckham* and *Mr. Wheeler H. Peckham* for the appellants.

*Mr. Wager Swayne* and *Mr. Julien T. Davies* for the appellee.

MR. JUSTICE MILLER delivered the opinion of the court.

This appeal presents very much the same questions that were decided in *Supervisors* v. *Stanley,* *supra*, p. 305. That was a common-law action to recover for taxes unlawfully exacted for years prior to 1879 on shares of the National Albany Exchange Bank. The present suit to enjoin the appellants from collecting a similar tax assessed and yet unpaid for that year, was brought by that bank, suing in right of and as representing all the stockholders. The Circuit Court made a decree perpetually enjoining the collection of all taxes on shares of the bank. Several questions are raised, or rather suggested, which we think have heretofore been decided by this court, such as the right of the bank to maintain a suit on behalf of its shareholders. This was established by the cases of *Cummings* v. *National Bank,* 101 U. S. 153 ; *Pelton* v. *National Bank,* id.

143.   There is, also, an attempt to show that there was a settled rule or purpose on the part of the assessors to value the shares of the appellee bank higher in proportion to their real value than in the case of other banks, bankers, and moneyed corporations.   We think the proof fails to establish this in a manner to justify the interference of a court of equity. *National Bank* v. *Kimball*, 103 id. 732.

The bill, however, in its main feature, asserts the right to an injunction, on the ground that the act of 1866, under which the bank shares were assessed, is absolutely void because it makes no provision for deduction from the assessed value of these shares, of the debts honestly owing by the shareholders. And the court, proceeding upon the idea that both the statute and the assessment made under it are absolutely void, decreed relief accordingly.   Under the ruling just made on that subject this decree must of course be reversed, because as to the larger number of the shareholders whose taxes are enjoined there is no evidence that they owed any debts whatever at the time the assessment was made.

The allegations of the bill on this subject are : *First*, That one shareholder owning five hundred and thirty-two shares of the stock made affidavit that the value of personal estate owned by him, including said bank shares, after deducting his just debts and other investments not taxable, did not exceed one dollar, and presented said affidavit to the board of assessors, with a demand that they should reduce the assessment of his shares accordingly, which was refused.  The evidence shows this to have been Chauncey P. Williams.   *Second*, That other shareholders were indebted to an amount equal to or in excess of the personal property owned by them, including their bank shares, but omitted to make affidavit and demand the proper reduction, because they knew such demand would be refused by the board, both from information of their refusal in other cases, and from knowledge of the decisions of the Court of Appeals of New York that they had no authority to make such deduction. This allegation is also supported by the evidence of four or five shareholders who are represented in this action.

While the decree of the court enjoining the collecting officers as to all the tax assessed on the shares of this bank must be

reversed, the question arises, what shall be done with the cases in which it appears that there are shareholders taxed who owed just debts entitled to deduction.

With regard to the case of Williams, we have no doubt that there should be an injunction to the amount of his tax. He made the requisite affidavit and the proper demand for deduction, and his affidavit shows that no assessment should be made on his shares. He has not yet paid the money, and is entitled to relief by injunction.

A more difficult question is presented in regard to those who made no affidavit or demand for deduction, but who have shown that they would have been entitled to deduction if the demand had been properly made. That question is, whether the fact clearly established that their demand would have been unavailing, dispensed with the necessity of making the affidavit and demand. It is a general rule that when the tender of performance of an act is necessary to the establishment of any right against another party, this tender or offer to perform is waived or becomes unnecessary, when it is reasonably certain that the offer will be refused, — that payment or performance will not be accepted. Such is the doctrine established by this court in repeated decisions in regard to another branch of the law concerning the collection of taxes. *Bennett* v. *Hunter*, 9 Wall. 326; *Tacey* v. *Irwin*, 18 id. 549; *Atwood* v. *Weems*, 99 U.S. 183.

Without elaborating the matter we are of opinion that, considering the decision of the Court of Appeals of New York, the action of the assessors in the case of Williams, and their own testimony in this case, it is entirely clear that all affidavits and demands for deduction which could or might have been made would have been disregarded and unavailing, and that the assessors had a fixed purpose, generally known to all persons interested, that no deductions for debts would be made in the valuation of bank shares for taxation. It is, therefore, not now essential to show such an offer when it is established that there were debts to be deducted and when the matter is still *in fieri*, the tax being unpaid. And we are of opinion that it is open to the court below when this case returns to permit such amendment of the pleadings as will enable the complainant to make proper allegations on that subject, or by reference to a

master to allow each shareholder to establish the amount of deduction to which he was entitled at the time of the assessment, and to enjoin the collection of a corresponding part of the tax. But as the assessment is not void, but only voidable, it must stand good for all of the assessment in each case which is not shown to be in excess of the just debts of the shareholder that should be deducted.

*Decree reversed, and cause remanded for further proceedings in accordance with this opinion.*