Stayton, Associate Justice.
This action was brought by appellants to recover on an open account the sum of one thou *615 sand seven hundred and eight dollars and sixty-eight cents, besides interest, and attorney’s fees, which, under the contract on which the goods were bought, was to be paid in the event the claim bad to be enforced by suit.
An attachment was sued out and levied on a stock of goods that belonged to the appellee, and this was sold during the pendency of the action under an order of the court. The appellee admitted the justice of the claim sued on, but pleaded in reconvention that the writ of attachment was wrongfully and maliciously sued out, and for this sought to recover damages actual and exemplary. The leading basis for actual damages was the value of the goods and interest thereon from the time «of seizure, and the evidence as to value was conflicting.
On the trial the appellee was permitted to prove that he had insurance on the goods amounting to over seven thousand dollars. This evidence was objected to, and its admission is assigned as error. Such evidence could not have been introduced for any other purpose than to show the value of the goods, and for this purpose we think it was inadmissible. The amount of the insurance, as between the parties to the policies, would but evidence and determine the extent of the liability on the part of the insurer in case of the loss of the stock of goods "by fire; and even as between them, the actual loss would, under ■any ordinary policy, be open to adjustment. As to the appellants, however, the contracts between appellee and the insurance companies were res inter alios acta, and for no purpose admissible against them.
On the trial the appellants proposed to prove that the sheriff levied a writ of attachment, sued out by another firm, on the same goods that were seized primarily under the writ of attachment sued out by them, and this evidence was rejected. We see no error in this ruling. The appellee’s cause of action accrued when the appellants sued out and caused to be levied •a writ of attachment, if this was done wrongfully; and what other persons might subsequently do, could not take away that cause of action; nor tend to show that the appellants’ act in suing out the writ of attachment was not wrongful. There was, however, ample evidence offered, without objection, to prove the same fact, about which there was no controversy, and from the bill of exceptions it appears that the court refused to admit the evidence on the ground that the fact was uncontroverted and fully proved by the evidence already admitted. Such evi *616 taence could have no bearing on the question of the appellee’s right to recover for the wrongful suing out and levy of the writ /of attachment, nor upon the measure of damages. The fact iüiat the goods had been sold and the proceeds paid into court "was known by the court without proof of that fact on the trial, and in adjusting the rights of the parties, under the verdict, the-court should have considered that fact.
The verdict of the jury was as follows:
“We, the jury, find for the plaintiff’s, for merchandise account, attorney’s fees and interest on same from the third day of January, one thousand nine hundred and twenty dollars and nineteen cents.
“We, the jury, find for defendants eight thousand dollars, actual damages, with eight per cent interest from the third of January to date, amounting to one hundred and twelve dollars, leaving the actual damage to M. Stein, six thousand one hundred and eighty-two dollars and eight-one cents. We, the jury, find for defendant five thousand dollars examplary damages.”
The court directed the jury in the charge to say by their verdict how much they found for appellants, if anything, and how much for appellee, if anything, and deduct the smaller from the greater, and find the balance in favor of the party having the larger claim. On this verdict a judgment was entered in favor of the appellee for eleven thousand one hundred and eighty-two dollars and eighty-one cents, but no disposition was made of the money in court which amounted to two thousand four hundred and ninety-three dollars and ninety cents.
The value of the goods seized and sold, evidently constituted the main item going to make up the sum given by the verdict as actual damages. The money in court, arising from the sale of the attached goods, represented, at least, a part of their value and the appellee was not entitled to this and also to the entire value of the goods. After the indebtedness of the appellee to the appellants was satisfied by deducting the sum due by him from the sum which the verdict declared he was entitled to receive as damages, the appellants had no" right to a lien on any part of the money in court, for their claim was paid. In addition to deducting from the sum found to be due to the appellee, as damages, the amount of his indebtedness to the appellants, the court should have deducted the money in court arising from the sale of the attached goods, and have entered judgment *617 for the appellee, for the balance of the amount given to him by the verdict.
The court knew judicially that the money was in court, and by the evidence that it was subject to the lien of the attachment sued out [and levied by A. Frank & Son. The statute provides that “should the attachment be quashed or otherwise vacated, or should judgment be for the defendant, the court shall make the necessary order restoring the property to the defendant or discharging the claim or replevy bond, as the case may be.” (Rev. Stats., art. 182.) In this case the attachment was, in effect, vacated when the debt which it was sued out to secure was satisfied, through the judgment entered, and an order should have been entered releasing the money in court from the lien . once fixed on it, leaving it, however, subject to the lien fixed on it by the attachment levied subsequently to that sued out by the appellants. To have authorized the court to do this it was not necessary that the evidence rejected should have been introduced, and we have referred to this matter only with a view to the future disposition of the case in the court below.
The jury returned into court two verdicts, the first of which the court refused to receive, and it is urged that this was error, but in view of the disposition that will be made of the case, it is not necessary to consider this assignment. If the court, in recapitulating the issues raised by the pleadings of the parties, did not state them so fully as counsel were of opinion they should have been, a charge should have been asked which would have done so.
The charge complained of in the ninth assignment, it is admitted, was such a charge as a lawyer would understand to present the legal questions involved correctly, but it is urged that it was not so framed as to be correctly understood by the jury. In such a case counsel should ask a charge which would render the legal proposition clear to the unprofessional mind. There is no reason to believe that a jury of ordinary intelligence would have been misled by the charge given.
The assignments of error which complain of the failure of the court to give charges, not asked, need not be considered. The court very properly charged the jury that neither the inventory and appraisement made by the sheriff, of the goods seized, nor the report of sales was evidence of their value, but that they should look to the entire testimony to ascertain that fact.
*618 Opinion delivered October 18, 1887.
It is urged that there was no evidence which authorized the court to submit to the jury the question of exemplary damages. In view of the fact that the judgment will be reversed and the cause remanded, we deem it improper to review and discuss the evidence and feel only required to say, in the light of the evidence, that the court properly submitted that matter to the jury. Considered in the light of the evidence, the court did not err in instructing the jury that they might find exemplary damages “if the plaintiffs, by their agent, acted negligently, rashly, carelessly and in such manner as clearly to show a conscious indifference to the rights of the defendant,” for the evidence shows that the appellants directed their agent to sue out and have levied the writ of attachment if he was finable to get a settlement of the debt due them.
The failure of a debtor to pay a debt does not authorize the suing out an attachment; and when, upon this ground, a principal directs an agent to sue out and cause to be levied an attachment, without reference to whether grounds recognized by law as sufficient to authorize it, exist, the agent’s act must be deemed the act of the principal, and his negligence, rashness or carelessness in making an untrue affidavit for an attachment, when such as to clearly show a conscious indifference to the rights of a * defendant, must be deemed malicious, and the act as authorized by the principal.
The charge of the court as to the facts which would render the appellants liable in exemplary damages for the act of their agent was full and correct; but those asked by the appellants, in so far as not covered by the charges given, were such as would have been likely to mislead the jury in view of the facts proved.
The other assignments of error relate to matters not likely to arise on another trial, or to matters which could not affect the ultimate decision of the case, and they will not be copsidered in this opinion.
The error of the court below in not deducting the amount of money in court from the sum for which judgment was rendered might be corrected here and the judgment affirmed, but for the improper admission of evidence to which we have referred; but for this error the judgment will be reversed and the cause remanded.

Reversed and remanded.