THIRD NAT. BANK OF PITTSBURG v. MYLIN, Auditor General, et al.

(Circuit Court, E. D. Pennsylvania. September 4, 1896.)

No. 12, September Term, 1896.

FEDERAL JURISDICTION—STATE TAXATION OF NATIONAL BANK STOCK—INJUNC-
TION.

A federal court has jurisdiction of a suit to enjoin state taxing officers from enforcing collection of a tax upon shares of stock in a national bank, where the protection sought is based upon the ground that the state statute under which such officers are proceeding in making their assessment is in violation of the fourteenth amendment to the constitution, and of Rev. St. § 5219.

Bill in equity by the Third National Bank of Pittsburg against Amos H. Mylin, auditor general, and Samuel M. Jackson, treasurer, of the commonwealth of Pennsylvania. Defendants interposed a plea to the jurisdiction of the court.

The Third National Bank of Pittsburg was organized June 3, 1864. Amos H. Mylin, auditor general, and Samuel M. Jackson, treasurer, of Pennsylvania, under the provisions of the act of June 8, 1891 (P. L. 242), of the general assembly of the state, demanded from the bank a report of the actual market value of its stock, for the purpose of assessing same for the state tax for the year ending June 20, 1895. The bank reported the value as $125 per share. Defendants increased it to $144.60 per share, assessed four mills tax, and notified the bank to pay the same within 30 days under the penalty provided in the act. The bank brought suit, praying that defendants be enjoined from collecting the tax, and that the assessment be declared illegal and void. Defendants filed a plea to the jurisdiction, averring, in substance, that "these proceedings make, form, and constitute an interference with the policy of the revenue laws of the commonwealth of Pennsylvania," and that under the act of 13th of March, 1811 (P. L. 145), the plaintiff has a remedy in the court of Dauphin county at Harrisburg. To this plea the bank filed a replication taking issue, and upon this only was the case argued.

John Wilson and Wm. M. Hall, Jr., for complainant.
John P. Elkin and Henry C. McCormick, for defendants.

ACHESON, Circuit Judge. It is hardly necessary to say that the merits of this controversy are not now to be considered. The plea goes only to the jurisdiction of the court. In disposing of it little need be said beyond a mere reference to some authorities, which, I think, are decisive against the plea. Undoubtedly the suit arises under the constitution and laws of the United States, for the plaintiff's alleged rights for which protection is here sought are based upon the fourteenth amendment to the constitution, and upon section 5219 of the Revised Statutes of the United States.[1] The construction and application of both are involved here. Most stress is laid upon the objection that this suit is really against the state of Pennsylvania, while

---

[1] Rev. St. U. S. § 5219, referred to in the opinion, provides that the legislature of any state may determine and direct the manner and place of taxing all the shares of national banking associations located within the state, subject only to the two restrictions that the taxation shall not be at a greater rate than is assessed upon other moneyed capital in the hands of individual citizens of such state, and that the shares of any national banking association owned by nonresidents of any state shall be taxed in the city or town where the bank is located, and not elsewhere.

not nominally so. But, according to the averments of the bill, the act of assembly under which the defendants are proceeding is violative of the fourteenth amendment to the constitution, and also contravenes section 5219 of the Revised Statutes of the United States. If this be so, then the defendants, while claiming to act in their official capacities, are proceeding without lawful authority. The case therefore falls directly within the principle of the decision of the supreme court of the United States in the case of Osborn v. Bank, 9 Wheat. 738, which was reaffirmed in Pennoyer v. McConnaughy, 140 U. S. 1, 10, 11 Sup. Ct. 699, that, where grounds of equity jurisdiction exist, an injunction from a circuit court will lie to restrain a person who is a state officer from performing an act directed by an unconstitutional law of the state, when such act would destroy or violate the rights of the complainant. Thus Mr. Justice Agnew, of the supreme court of Pennsylvania, sitting at nisi prius, held that the auditor general and treasurer of the state could be restrained by injunction from collecting an illegal tax imposed by the state upon stockholders in a national bank. Markoe v. Hartranft, 6 Am. Law Reg. (N. S.) 487. A court of equity, at the suit of a national bank, will restrain the imposition and collection of an illegal state tax because of the trust relation in which the bank stands to its stockholders, and to avoid a multiplicity of suits. Cummings v. Bank, 101 U. S. 153. The present bill not only discloses these grounds for equitable relief, but also the further ground that a cloud upon the bank's title to real estate has been imposed or is threatened. Union Pac. Ry. Co. v. City of Cheyenne, 113 U. S. 516, 525, 5 Sup. Ct. 601. The existence of a special statutory mode of redress under the law of the state is no bar to the equity jurisdiction of the circuit court of the United States. Barber v. Barber, 21 How. 582, 592. To the foregoing authorities, which require the overruling of the plea, may be added the decision of the circuit court of appeals for this circuit in Gregg v. Sanford, 12 C. C. A. 525, 65 Fed. 151. And now, September 4, 1896, the plea is overruled, with leave to the defendants to answer the bill within 30 days.