SANBORN v. E. R. ROACH DRUG CO.

(Court of Civil Appeals of Texas. April 8, 1911.)

1. LANDLORD AND TENANT (§ 200*)—INCREASE OF RENT—CONTRACTS.

Where there was an existing lease, fixing the rent at $150 per month, the fact that the tenant, who had by letter declined to execute a lease for $200 a month rent, as proposed by the landlord, made no response to a second letter from the landlord, reiterating his demand for the execution of such a lease, did not deprive him from relying on the lease.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 794–797; Dec. Dig. § 200.*]

2. TRIAL (§ 199*)—ACTION FOR RENT—INSTRUCTIONS — CONSTRUCTION OF INSTRUMENTS.

Where, in an action for rent, the landlord relied on letters attached to the petition to show a monthly rent of $200, and the tenant proved that the monthly rent was $150, and that he had tendered the same, a charge that the letters attached to the petition, with the occupancy of the premises by the tenant, constituted a contract between the parties, and that the jury should find for the landlord for the amount sued for, unless the contract alleged by the tenant had been established and had not been abandoned, was not objectionable, as permitting the jury to construe the legal effect of the letters.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 467–470; Dec. Dig. § 199.*]

3. APPEAL AND ERROR (§ 934*) — RECORD — PRESUMPTIONS.

Where, in an action for rent involving the question whether the rent was $200 per month, as claimed by plaintiff, or $150 a month, as claimed by the tenant, a judgment fixing the rent at $150 per month and reciting that the tenant had tendered into court the amount of the rent, was rendered, the court on appeal must presume that the money had been deposited with the clerk of the court in the manner required by Sayles'·Ann. Civ. St. 1897, art. 1462, though the judgment also granted execution.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3777–3781; Dec. Dig. § 934.*]

4. INTEREST (§ 50*)—SUSPENSION — NECESSITY OF ACTUAL TENDER.

Where, in an action for rent involving the question whether the rent was $200 a month, as claimed by plaintiff, or $150, as claimed by defendant, it appeared that plaintiff had refused to recognize the lease at $150 per month, that the failure of defendant to tender rent was due solely to plaintiff's repudiation of the contract, that defendant had been at all times willing to pay rent on the basis of $150 per month, and the court found in favor of defendant's contention, plaintiff was not entitled to interest on the rent not tendered.

[Ed. Note.—For other cases, see Interest, Cent. Dig. § 114; Dec. Dig. § 50.*]

Appeal from District Court, Potter County; J. N. Browning, Judge.

Action by H. B. Sanborn against the E. R. Roach Drug Company. From a judgment for insufficient relief, plaintiff appeals. Affirmed.

Gustavus, Bowman & Jackson, for appellant. Reeder & Graham, for appellee.

DUNKLIN, J. H. B. Sanborn sued the E. R. Roach Drug Company to recover rents claimed to be due plaintiff upon a building in the city of Amarillo; the amount claimed being $200 per month for the months of August, September, October, November, and December of the year 1908. The only defense urged to plaintiff's claim was that plaintiff had leased the property to defendant for a rental of $150 per month, which amount the defendant offered to pay, and the only issue tried was whether the rental contract was as the defendant alleged, or was that the defendant should pay $200, as contended by the plaintiff. Judgment was rendered in favor of the plaintiff for $750, and he has appealed.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

[1] The rental contract relied on by plaintiff, and alleged in his petition to be for the payment by the defendant of $200 per month, consisted of written correspondence between the parties, attached to the petition as exhibits, all dated during the month of June, 1908. In reply to that petition, defendant alleged in its answer a contract between the parties for a lease of the property covering the months beginning with May and continuing for the remainder of the year for a rental of $150 per month. Plaintiff excepted to this answer, upon the ground that, if there was such a contract as alleged by the defendant, it was superseded by the contract alleged in plaintiff's petition as made in June. The court overruled this exception, and in this ruling we think there was no error.

The correspondence attached as exhibits to plaintiff's petition and relied on as constituting a contract consisted, first, of a letter from the plaintiff to the defendant, in effect, that if a certain proposed written lease of the premises for three years, which had been submitted to the defendant by the plaintiff, was not executed by the latter immediately that $200 per month would be demanded for the rental of the premises thereafter; second, a letter from the defendant to the plaintiff, declining to execute the proposed written lease, and also declining to pay $200 per month, but offering to pay $150 per month for the rent of the premises during the remainder of the year; third, a letter from the plaintiff to the defendant's manager again notifying him that $200 per month would be demanded as a rental for the building, unless the proposed lease was executed. The petition contained an allegation that, after the defendant received the letter last mentioned, its manager made no reply thereto, and appellant urges that under those circumstances there was an implied contract on the part of the defendant to pay $200 per month as rental. If the circumstances were such that, under the rules of equity, the duty was imposed upon the defendant if he was unwilling to pay the price demanded, to reply to plaintiff's second letter and again decline, as he had previously done, to accede to plaintiff's demand for the payment of $200 per month, then, upon principles of estoppel, defendant might be held to have impliedly consented to the demand, even though, as a matter of fact, the minds of the parties never met, and therefore it could not be said that there was in fact an agreement between them. 9 Cyc. 242, 243.

But if, as alleged in the defendant's answer, there was a valid and subsisting agreement between the parties for the rental of the property at the price of $150 per month at the time of the correspondence referred to above, then that fact was of course known to both parties, and under such circumstances no duty was imposed upon the defendant to decline a second time to accede to plaintiff's demand for an increased rental, and the court did not err in overruling the exception now under discussion.

It is insisted that no testimony was introduced to prove the contract alleged by the defendant for the payment of $150 per month, and that the court erred in submitting that issue to the jury. We find in the record direct testimony by L. O. Thompson, the defendant's manager, in effect, that such a contract was made with the plaintiff during the month of April, and a statement contained in one letter from the plaintiff himself to the defendant, which was introduced, tends to prove the same fact.

[2] The court charged the jury that those letters, attached to plaintiff's petition as exhibits, with the occupancy of the building by the defendant, were sufficient to constitute a contract between the plaintiff and the defendant, and that they should find for the plaintiff thereon for the amount sued for, unless the contract alleged by the defendant had been established and not shown to have been abandoned, in which latter event they were to find for the plaintiff for $750. We do not think that the charge is subject to the criticism that the jury were permitted to construe the legal effect of the correspondence, nor that the same was contradictory in its terms, as insisted by appellant.

In the charge the court gave a form of verdict to be returned in the event of a finding that the contract relied on by the defendant had been established, reading as follows: "We, the jury, find for the plaintiff the sum of $750, and that the same has been tendered by defendant, as alleged by it." Judgment was rendered for $750, without interest. Appellant insists that there was no evidence to show a tender of rents for the months of November and December. However, the evidence did show, without controversy, that defendant tendered $150 for each of the months of August, September, and October, such tenders being made as the rents accrued, and the same were all refused by the plaintiff.

[3] It clearly appears that plaintiff refused at all times to recognize the lease contract at the price of $150 per month; that defendant's failure to tender the rents for the months of November and December was due solely to the plaintiff's repudiation of that contract; that defendant was at all times ready and willing to pay rents upon that basis, and that a tender of the rents for the two months last named would have been refused by the plaintiff. Furthermore the judgment recites that defendant had tendered into court $750 for plaintiff's benefit. Presumably the money was deposited with the clerk of the court, and a record of the same made, as required by Sayles' Civil Statutes, art. 1462. While the fact of this deposit does not appear in the statement of facts,

we think the court could take judicial notice of it without proof. Blum v. Stein, 68 Tex. 615, 5 S. W. 454; 16 Cyc. 915. Nor do we think that the award of execution contained in the judgment contradicts the recital that the money had been so tendered as an order for the payment of the amount would be essentially an award of an execution to collect the judgment. Shields v. Stark, 51 S. W. 540.

[4] Such being the record, we do not think that the court erred in instructing the jury that a tender had been made of rents for the entire period of five months, and in denying to plaintiff a recovery of interest on the rents due for November and December. Haney v. Clark, 65 Tex. 96; Hills v. Natl. Albany Exchange Bank, 105 U. S. 319, 26 L. Ed. 1052.

We have found no error in the record, and the judgment is affirmed.