PRUITT et al. v. ENGLISH. (No. 1412.)

(Court of Civil Appeals of Texas. Texarkana. Feb. 11, 1915.)

1. ATTACHMENT ⊜⟹375—ACTION FOR WRONGFUL ATTACHMENT—MEASURE OF DAMAGES.

In an action for wrongful attachment of cotton, the measure of actual damages was the value of the cotton when levied upon and interest thereon, less the amount of the judgment in the attachment suit against the attachment debtor.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 1378–1385, 1387, 1393, 1394, 1398, 1399; Dec. Dig. ⊜⟹375.]

2. ATTACHMENT ⊜⟹374—ACTION FOR WRONGFUL ATTACHMENT—EVIDENCE—DAMAGES.

In such action, the judgment in the attachment suit, if valid, was admissible in evidence on the question of damages.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 1363–1372, 1392; Dec. Dig. ⊜⟹ 374.]

3. MALICIOUS PROSECUTION ⊜⟹71 — WRONGFUL ATTACHMENT — QUESTION FOR JURY—MALICE.

In an action for damages for an attachment of cotton, alleged to have been sued out maliciously and without · probable cause, the question of defendant's malice was for the jury,

with reference to the claim for exemplary damages, since, while the existence of malice may be inferred from the absence of probable cause, it need not be.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. §§ 160–167; Dec. Dig. ☞71.]

Appeal from Panola County Court; Geo. Harkrider, Judge.

Action by Virgil English against Josh Pruitt and others. Judgment for plaintiff, and defendants appeal. Reversed and remanded for new trial.

It appears from the record that appellee, acting for his brother Lee English, sold two bales of cotton to appellant Pruitt. The latter testified that at the time of the sale appellee represented to him that there was "nothing against the cotton." It turned out that Lee English was indebted to one Youngblood, and that the latter had a landlord's lien on the cotton to secure the indebtedness. Youngblood having recovered a judgment against Pruitt for $35.30 and costs, Pruitt paid same. On the theory, it is assumed, that appellee was liable to him in damages for falsely representing that the cotton was unincumbered, Pruitt then sued appellee. In that suit a writ of attachment was issued and levied on a bale of lint cotton and a bale of seed cotton belonging to appellee. The suit resulting in the judgment from which this appeal is prosecuted was brought by appellee against Pruitt and the other appellants. to wit, R. W. Turlington and J. L. Turlington, who were the sureties on the attachment bond made by Pruitt. In his petition appellee alleged that Pruitt, to procure the issuance of the writ levied upon the cotton, made an affidavit in which he failed to set out a statutory ground for the writ, and in which he falsely alleged that appellee was indebted to him and falsely alleged that he would probably lose his debt unless a writ of attachment was issued. Appellee charged that the writ, therefore, was wrongfully sued out and levied on his property, entitling him to a recovery against Pruitt and his said sureties of actual damages he had suffered; and he charged, further, that the writ was sued out maliciously and without probable cause, entitling him to a recovery against Pruitt and his sureties of exemplary damages. On the trial special issues were submitted to the jury as follows: "(1) What is the value of the two bales of cotton and the bale of cotton seed attached on the 22d day of December, 1913?" The jury answered: "$94.19." "(2) What amount of exemplary damages do you find, if any?" The jury answered: "$100." On these findings and others made by the court, judgment was rendered in appellee's favor against Pruitt and his said sureties for $94.19, as actual damages, and against Pruitt alone for $100 additional, as exemplary damages, appellee was entitled to recover.

W. G. Banks and Frank Lawson, both of Carthage, and J. F. O'Brian, of Beckville, for appellants. J. R. Duran and Brooke & Woolworth, all of Carthage, for appellee.

WILLSON, C. J. (after stating the facts as above). [1, 2] As against any recovery appellee might show himself to be entitled to, appellants in their answer set up the judgment (for $47.40 and costs) recovered by Pruitt against appellee in the attachment suit, and on the trial offered the judgment as evidence. The court sustained an exception interposed by appellee to the answer in the respect stated, and excluded the judgment as evidence. In so doing the court erred. If the judgment was a valid one (and that it was not is not suggested by anything appearing in the record), it was conclusive of the fact that appellee was indebted to Pruitt as determined by it. That the judgment, if valid, should have been admitted as evidence appears clear, in view of the fact that the measure of appellee's recovery for actual damages, on the facts pleaded by him, was the value of the cotton at the time it was levied upon by virtue of the writ of attachment, and interest thereon, less the amount of said judgment. Mayer v. Duke, 72 Tex. 445, 10 S. W. 566; Blum v. Stein, 68 Tex. 608, 5 S. W. 454; McClelland v. Fallon, 74 Tex. 236, 12 S. W. 60.

[3] We think the court also erred when he refused appellants' request in writing to submit to the jury, with reference to appellee's claim of a right to recover exemplary damages, a question as to whether Pruitt was actuated by malice or not when he had the cotton levied upon. While the existence of malice may be inferred from the absence of probable cause, it need not be. Lister v. Campbell, 46 S. W. 876; Hale v. Barnes, 155 S. W. 358. Whether in this case the existence of malice should have been so inferred or not should have been determined by the jury instead of by the court.

The judgment is reversed, and the cause is remanded for a new trial.