**LIBBY, McNEILL & LIBBY v. CRAMER, School Tax Collector.**

(First Division. Juneau. March 1, 1920.)

No. 1898–A.

**1. Taxation ⬲608(2)—Constitutional Law—Injunction.**

It is well settled by the decision of the highest court in the land that a court will not enjoin the collection of a tax on the sole ground that the legislative act levying the tax is uncon-

⬲See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

stitutional. If the act is unconstitutional, the officers enforc-
ing it are trespassers, and liable in damages, to be ascertained
in a court of law.

**2. Taxation ⚬⇒608(8)—Injunction—Constitutional Law.**

Before the courts will enjoin the collection of a tax al-
leged to be levied under an unconstitutional law, there must be,
in addition, some well-recognized ground of equitable jurisdiction.

**3. Schools and School Districts ⚬⇒111—Taxation—Injunction.**

Plaintiff brought suit in equity to enjoin the school tax
collector from proceeding against it under the act of the Alaska
Legislature (chapter 29, Session Laws of 1919), to compel its as-
sistance in the collection of poll tax for school purposes. Section
9 of the act provides the collector must begin a suit to collect
said tax if not paid voluntarily. *Held*, equity will not enjoin
such officer prior to seizure of property, or the beginning of
such action, since the plaintiff had its remedy at law when such
action is begun.

R. E. Robertson, of Juneau, for plaintiff.
J. C. Murphy, Atty. Gen., for defendant.

JENNINGS, District Judge. An injunction in this case
is prayed for on the ground that the act of the Alaska Leg-
islature (chapter 29, Sess. Laws 1919), entitled "An act to
impose a tax upon male persons in the territory of Alaska
for school purposes, providing means for its collection, and
declaring an emergency," is unconstitutional.

Attacks on the acts of a Legislature as being unconstitu-
tional do not meet with much favor in any event; but any
assault by injunction upon the act of a Legislature whose
object and purpose is to raise revenue for the support of
the government comes especially under the ban, and an ex-
traordinarily clear case has to be made in order to warrant
the court in granting such injunction.

It is well settled by the decision of the highest court in
the land that a court will not enjoin the collection of a tax
on the sole ground that the legislative act levying the tax is
unconstitutional. Dows v. City of Chicago, 11 Wall. 108,
20 L. Ed. 65.

Mr. Beach, in his work on Injunctions says:

"The reason that a court of equity will not enjoin the collection
of an unconstitutional tax is that if the act is unconstitutional

the officers enforcing it are trespassers and liable in damages to be ascertained in a court of law." 2 Beach on Injunctions, § 1207.

There must be, in addition, some well-recognized ground of equitable jurisdiction.

The only other possible ground for equitable interposition set forth in the complaint is the categorical. statement that plaintiff will be subjected to a multiplicity of suits. I do not think such bare statement is sufficient.

It will be seen that the act, the constitutionality of which is attacked, does not require the employer to furnish a list of his employees, nor does it require him to pay the poll taxes of his employees. Section 8 provides that:

"It shall be the duty of the school tax collector to demand, and it shall be the duty of every person, firm or corporation employing labor in the territory of Alaska, to furnish to such collector upon demand, a list of the employees of such person, firm or corporation *subject to the tax imposed* herein. * * * Every such person, firm or corporation having in his or its employ persons *subject to said tax* who neglect to pay the same within the time within which the same is due and payable, as provided in section four (4) hereof, shall be liable for the payment of the same and it shall be the duty of every such person, firm or corporation to deduct from the wages of each of its said employes, who are *subject to said tax*, the amount thereof, unless such employee furnishes proof of the payment of the same, and to pay, upon the first day of each month. * * * *"

Now, in this case, according to the complaint, all that has been done is this, to wit: A person calling himself school tax collector (of course, if the act is unconstitutional, there is no such officer as school tax collector, and it is for that reason I use the words "calling himself school tax collector") has furnished plaintiff with a blank form for the making of the return of *"a list of employees of plaintiff,"* and has made demand upon plaintiff to collect $5 tax from certain enumerated persons for the year 1919, and threatened to and will do the same thing next year. So far, then, plaintiff has not been injured at all. The complaint does not advise whether or not the plaintiff has complied with the alleged unconstitutional demand of the alleged school tax collector, except as may be gathered from the inference flowing out of the statement that it apprehends that it "will be coerced and compelled under duress to pay said tax without any method or

,remedy for the recovery thereof." Why it apprehends this is not stated. Before the school tax collector can bother the plaintiff, he has, under section 9 of the act, to procure a warrant from the commissioner for seizure of plaintiff's property, and the marshal would then have to give five days' notice before making sale, and it is not alleged that any of these things are threatened, or are about to or will occur.

It is true the act makes it the duty of the supposed tax collector to enforce this act, but the act itself provides for the bringing of a regular suit to collect the tax. In the complaint it is not alleged that the tax collector has threatened or is about to proceed under section 9 of the act, or even to bring a suit as the act provides. I think the section providing for the seizure and sale must be read in conjunction with that section which provides for the bringing of a suit. If suit has to be brought, why, then, of course, the plaintiff has his day in court. For aught that appears, the tax collector may himself think the act is unconstitutional and refuse to proceed further, or he may conclude that the employer has in fact furnished him with a list of all his employees *subject to the tax;* and, too, so far as the complaint discloses, the very employees, at whose suit (if brought) plaintiff says he will not be able to interpose a defense, have not objected to plaintiff deducting the amount from their wages. They may be satisfied that the act is constitutional, or they may not care to contest the matter. At any rate, they have not threatened any suit, nor given notice that they will not countenance the reduction from their wages. There is no allegation that the alleged school tax collector is insolvent and unable to respond in damages. If plaintiff pays the tax under protest, he can certainly recover it back, if the act is unconstitutional.

Undoubtedly there are many cases where a court has enjoined the collection of an illegal tax, where a corporation has been required to pay certain assessments for its stockholders; but I think that in all such cases it will be found that the jurisdiction of equity was based upon the trust relation which exists between the corporation and its shareholder—the corporation being trustee and the stockholders cestuis que trustent. Cummings v. Merchants' Nat. Bank, 101 U. S. 153, 25 L. Ed. 903; Hills v. National Albany

Bank, 105 U. S. 319, 26 L. Ed. 1052; Albany City Nat. Bank v. Maher (C. C.) 6 Fed. 417; Whitney Nat. Bank v. Parker (C. C.) 41 Fed. 402; Third Nat. Bank v. Mylip (C. C.) 76 Fed. 385. There is no trust relation between the company and its employees, so far as wages are concerned. The company is simply a debtor to each one of its employees, and each employee stands upon a footing peculiarly his own, and that footing would determine the amount of the debt due him, if any.

It seems to me that plaintiff has mistaken its remedy. I can perceive no ground for an injunction. I can see no equity in the bill of complaint. The demurrer, therefore, will be sustained.

---

☞See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes