(C. D. 824)

Pink Supply Co. *v.* United States

United States Customs Court, Second Division

(Decided January 12, 1944)

*Jordan & Klingaman* (*Jacob L. Klingaman* of counsel) for the plaintiff.

*Paul P. Rao*, Assistant Attorney General (*Samuel D. Spector*, special attorney), for the defendant.

Before TILSON, KINCHELOE, and COLE, Judges; LAWRENCE, J., not participating

KINCHELOE, Judge: This case is for the recovery of certain duty alleged to have been wrongfully collected by the collector of customs on an importation of cotton rags from Japan in 1936. The merchandise was assessed with duty at 3 cents per pound under paragraph 922 of the Tariff Act of 1930, reading:

PAR. 922. Rags, including wiping rags, wholly or in chief value of cotton, except rags chiefly used in paper-making, 3 cents per pound.

The protest of the plaintiff company herein, so far as pertinent, reads:

We claim that these goods are free of duty under the provisions of paragraph 1750 of the Tariff Act of 1930, for reasons that certain waste rags were concealed within each bundle to make ordered weights. Same was not noted by the examiner and we did not discover this until after the expiration of the time limit provided in Sec. 508.

Section 508 of the Tariff Act of 1930 reads as follows:

SEC. 508. COMMINGLING OF GOODS.

Whenever dutiable merchandise and merchandise which is free of duty or merchandise subject to different rates of duty are so packed together or mingled that the quantity or value of each class of such merchandise cannot be readily ascertained by the customs officers, the whole of such merchandise shall be subject to the highest rate of duty applicable to any part thereof, unless the importer or consignee shall segregate such merchandise at his own risk and expense under customs supervision within ten days after entry thereof, in order that the quantity and value of each part or class thereof may be ascertained.

The protest has been submitted for our decision upon a written stipulation which, so far as relevant, reads as follows:

It is hereby stipulated and agreed by and between counsel for the plaintiff and the Assistant Attorney General for the United States that the merchandise covered by the above-entitled protest consists of old cotton rags, a part thereof being wiping rags, and another part rags used chiefly for paper making, that these two classes of rags were so packed together that the respective quantity of

each could not have been readily ascertained and were not determined at the time of importation by the customs officers, and that the entire importation was assessed for duty at 3 cents per pound under paragraph 922 of the Tariff Act of 1930.

That the rags were not segregated under customs supervision, that no request for such segregation under Section 508 was made.

That subsequently without Government supervision the importer ascertained the amount of rags chiefly used for paper making and found same to be 12,580 pounds, and that for the purpose of this record the Government accepts said finding of the importer as correct.

That the merchandise was imported during the time when the ruling of the Commissioner of Customs, dated June 13, 1933, and published as T. D. 46106 (Abstract 4, 63 T. D. 70), was in effect and was of the character covered by said ruling.

A statement of the plaintiff's contention herein is made in its brief, from which we quote the following:

The merchandise consists of paper-stock rags and wiping rags mixed together in such fashion as to require segregation to determine the respective quantity of each. No such segregation as required by Sec. 508 of the Tariff Act of 1930 was had or asked for. The collector assessed duty at the rate of 3 cents per pound under paragraph 922 on the entire importation, which was made during the time when collectors of customs had been directed by the Commissioner of Customs to deny free entry to the paper-stock portion of such importations regardless of the relative quantity of such paper stock that might be contained therein (T. D. 46106, Abstract 4). It is the plaintiff's contention that during the pendency of this ruling and until it was declared invalid in *United States* v. *Schapiro*, 24 C. C. P. A. 343, and acquiesced in by collectors, no duty to segregate rested on importers, and this is the only question at issue.

Counsel for plaintiff in their brief admit that a similar case was before this court in *Schapiro* v. *United States* (7 Cust. Ct. 73, C. D. 537) but they believe that this court in deciding against the plaintiff made an error in not applying the rule of law that—

When tender of performance of an act is necessary to the establishment of any right against another party, this tender or offer to perform is waived or becomes unnecessary where it is reasonably certain that the offer will be refused,—that payment or performance will not be accepted. *Hills* v. *Exchange Bank*, 105 U. S. 319.

The trouble with this statement is that there is nothing in this record to show that the collector would have refused the request for segregation of the instant merchandise if one had been made by the plaintiff, and the stipulation herein states that no such request was made.

Counsel for plaintiff state further that this court's attention was not called to the above-cited case of *Hills* v. *Exchange Bank*, and the case of *Supervisors* v. *Stanley*, 105 U. S. 305, which are claimed to be more nearly in point, and that the former is in fact on all fours.

We find, however, that the case of *Hills* v. *Exchange Bank*, *supra*, now relied on by plaintiff was expressly referred to and commented

upon in its brief on appeal from our decision in the *Schapiro* case, *supra*, which was affirmed by our appellate court in *Schapiro & Sons* v. *United States*, 29 C. C. P. A. 235 (C. A. D. 196), and in which an application for rehearing by the plaintiff was denied by said court.

A reading of the *Hills* case, *supra*, and the decision of the appellate court in the *Schapiro* case, *supra*, convinces us that the said *Hills* case was fully considered by our appellate court. This, we think, is quite apparent from the following language of the court:

Several authorities were cited in support of the proposition stated in appellants' brief that "There are many situations in law in which the performance of a duty, either contractual or statutory, is dispensed with, and, where performance is dispensed with, it is, of course unnecessary to offer to perform."

A review of those authorities is not deemed necessary because we do not think that, granting the correctness of the rule, it is applicable here. Whatever the situation with respect to the departmental ruling (and as heretofore recited it was held invalid) the statute— section 508, supra— was valid and in effect. Furthermore, as will be seen from the text of circular letter 942, *supra*, importers of rags were not precluded from segregating them while in customs custody. On the contrary, it was stated that they should be granted that privilege. Had appellants requested that procedure in this case and met with a denial, a different question of law would confront us. If the request had been made and granted and the segregation made, apparently the situation would be analogous to that which existed in the *Schapiro & Sons* (cross-appeals) cases, *supra*.

Upon the record before us, we are of opinion that the trial court reached the correct conclusion and the judgment appealed from is *affirmed*.

So far as we can see, the present case presents absolutely nothing new in the way of law or material fact from that already considered and passed on by this and the appellate court in the *Schapiro* case, *supra*, so that the question therein decided may now be considered *stare decisis* of the issue herein. *Hertz* v. *Woodman*, 218 U. S. 205. The attorneys for the plaintiff seem entirely to have lost sight of the fact that section 508 of the tariff act is in the nature of a remedial statute which affords an importer the opportunity, at his own risk and expense, of segregating, under the supervision or in the presence of customs officers, the quantity or value of any portion of commingled merchandise in an importation that is claimed to be either free of duty or dutiable at a lower rate than the rest of the merchandise, as a first step in the proof of any such claim. This is for the benefit and protection of the importer, and is also an aid to the court in the determination of any question in the event that the collector and the importer disagree as to the dutiable status of any segregated portion of the commingled merchandise. Said section 508 has made it a condition precedent to any relief that an importer request and have such segregation made within 10 days after entry, as it was no doubt realized by Congress that such determination or proof could not readily be made after the commingled merchandise once went into commerce or consumption. Therefore any advance instructions of

the Treasury Department to collectors of customs to assess duty on mixed cotton wiping rags and paper-stock rags as an entirety under paragraph 922 of the tariff act could not of course have any binding effect on this court, nor relieve an importer from complying with the mandatory provisions of said section 508.

Attention might further be drawn to the fact that the protest herein does not claim that the importer was misled by the departmental ruling in T. D. 46106 as the reason for not requesting segregation under said section 508, but that it did not discover, until after the expiration of the time limit provided in said section for such segregation, that no allowance in duty was made for any paper-stock rags.

We think it is only too obvious from all of the foregoing that the claim and contention of the plaintiff herein are entirely without merit. The protest is therefore overruled, and judgment will be rendered accordingly.